

John W. Shaw
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
(302) 298-0701 – Direct
jshaw@shawkeller.com

September 17, 2014

**By CM/ECF & Hand Delivery**

The Honorable Richard G. Andrews
United States District Court
844 North King Street
Wilmington, DE 19801

    Re:    *EMC Corp. v. Pure Storage, Inc.*, C.A. No. 13-1985-RGA

Dear Judge Andrews:

    On behalf of defendant Pure Storage, Inc. ("Pure Storage"), I write in response to the Court's Order of September 15, 2014 (D.I. 60).

    Pure Storage supports the Court's proposal to begin streamlining this case by requiring the EMC plaintiffs ("EMC") to reduce the number of asserted claims to no more than 32 and requests that the Court adopt the proposal at this time. An order limiting the number of asserted claims would be consistent with this Court's recent practices, *see, e.g., Agincourt Gaming LLC v. Zynga, Inc.,* C.A. No. 11-720-RGA, D.I. 125 (order dated May 14, 2014), as well as with Federal Circuit precedent and common case management practices in this and other judicial districts. *See, e.g., In re Katz Interactive Call Processing Patent Litig.,* 639 F.3d 1303, 1311-13 (Fed. Cir. 2011) (affirming district court order limiting plaintiff in 14-patent case to 16 claims per defendant group); *Stamps.com Inc. v. Endicia, Inc.,* 437 F. App'x 897, 902 (Fed. Cir. 2011) (affirming district court order reducing 629 asserted claims to 15); *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 918 F. Supp. 2d 277, 284 (D. Del. 2013) (requiring plaintiff to reduce asserted claims from 95 to 30 prior to claim construction); *Havco Wood Prods., LLC v. Indus. Hardwood Prods., Inc.*, No. 10-cv-566, 2011 WL 5513214, at *5-6 (W.D. Wis. Nov.10, 2011) (noting that courts "routinely require" limitations on the number of asserted claims).

    Requiring EMC to reduce the number of asserted claims at this juncture is reasonable and appropriate for several reasons. *First*, this matter is set for a five-day trial, which, as the parties and the Court discussed during the February 21, 2014 scheduling conference, is too short a time to adequately try 58[1] asserted claims across five patents relating to very different data storage technologies. *See* Feb. 21, 2014 Scheduling Conf. Tr., at 14:6-18:9. As the Court noted, "there's only so much you can expect people to learn in a short amount of time." *Id.* at 17:18-19. Thus, this case needs to be streamlined at some point before trial. *See Thought, Inc. v. Oracle Corp.*,

---

[1] Although Pure Storage stated in its September 12, 2014 letter to the Court (D.I. 59) that EMC is asserting 57 claims in this action, a re-review of EMC's infringement contentions has revealed that EMC is actually asserting 58 claims.

SHAW KELLER LLP
The Honorable Richard G. Andrews
Page 2

No. 12-CV-05601-WHO, 2013 WL 5587559, at *2 (N.D. Cal. Oct. 10, 2013) ("In determining whether to require parties [to] limit the number of claims asserted, courts look to the number of patents and claims at issue and the feasibility of trying the claims to a jury.").

*Second*, requiring EMC to begin narrowing its case now, rather than later, makes sense. Most immediately, limiting the number of asserted claims likely will streamline the upcoming claim construction process, reducing the burden on the Court and the parties. Although Pure Storage cannot predict which claims EMC will drop if it is required to reduce the total number of asserted claims to 32, there are numerous claims that, if dropped, would reduce significantly the number of terms for construction. For example, two of the claim terms currently in dispute ("cache" and "relatively high latency memory") each appear only in a single dependent claim. Similarly, four disputed terms only appear in independent system claim 14 of the '475 patent and its two asserted dependent claims. If EMC dropped these system claims, and only asserted the related method claims of the '475 patent, these terms also would not require construction. The withdrawal of other asserted claims could yield a similar reduction in the number of disputed claim terms.[2]

Moreover, requiring EMC to commence narrowing its case now will save the parties significant time and expense in preparing expert reports and conducting expert discovery, and likely will reduce the number of issues the Court will need to address in connection with motions for summary judgment. *Cf. Masimo*, 918 F. Supp. 2d at 282 (concluding that "[t]he fairer and more effective approach" is to limit the number of asserted claims prior to claim construction, rather than waiting until closer to trial).

*Third*, imposing a limit on claim terms at this time would not be premature. EMC has had access to Pure Storage's source code since April 2014, and its counsel and experts have spent 69 hours reviewing that code over the last five months. Additionally, Pure Storage has produced to EMC thousands of pages of technical documents relating to the structure and operation of its accused products. Pure Storage also has provided EMC with detailed invalidity contentions, as well as non-infringement contentions, for each asserted claim of each patent. Thus, EMC has the information it reasonably needs to evaluate which of its asserted claims raise distinct issues as to liability or damages, and which are cumulative or otherwise unnecessary. *Cf. Thought*, 2013 WL 5587559, at *3 (limit on asserted claims not premature when "the parties

---

[2] During the parties' meet and confer conference, EMC asserted that reducing the number of asserted claims may not reduce the number of terms for construction (currently 25, with several of them closely related) because EMC could cut its asserted claims back to just six without eliminating a single disputed claim term. But this assertion, even if accurate (Pure Storage believes the number is actually eight), simply confirms that there is substantial duplication across EMC's 58 asserted claims and that EMC could cut back the number of claims substantially without sacrificing any distinct infringement or validity arguments. And, of course, simply because EMC theoretically could cut its asserted claims way down without eliminating any disputed terms does not mean that EMC would not elect to cut claims, such as those identified above, that substantially reduce the number of terms in dispute.

SHAW KELLER LLP

The Honorable Richard G. Andrews
Page 3

have already exchanged infringement and invalidity contentions, preliminary claim constructions and core technical documents").

*Fourth*, EMC is only accusing a single line of products in this case—the various production versions of Pure Storage's FlashArray data storage system. Furthermore, in several instances EMC is asserting multiple different claims against the exact same functionality in the FlashArray system. Consequently, requiring EMC to reduce the number of asserted claims will not deprive EMC of the opportunity to obtain a finding of infringement against any presently accused Pure Storage product. *Cf. Joao Control & Monitoring Sys., LLC v. Ford Motor Co.*, Nos. 13-CV-13615, 13-CV-13957, 2014 WL 106926, at *3 (E.D. Mich. Jan. 10, 2014).

*Finally*, although not directly encompassed by the Court's claim limitation proposal, Pure Storage recognizes that this Court and other district courts frequently tie limits on the number of asserted claims to limits on the number of claim terms for construction. To that end, as discussed in Pure Storage's letter of September 12, 2014 (D.I. 59), Pure Storage is amenable to a limit on the number of claim terms to be briefed and argued if the Court adopts its claim limit proposal. Pure Storage submits that a limit of 20 claim terms for briefing (eight selected by EMC followed by 12 selected by Pure Storage) and 12 claim terms for oral argument (five selected by EMC followed by seven selected by Pure Storage) would be appropriate.

The parties met and conferred telephonically on September 16, 2014 concerning the Court's proposal and the possibility of agreeing to a joint order, but unfortunately were unable to come to any substantive agreement. While acknowledging that it was unlikely to try all of its presently asserted claims, EMC indicated that it was unwilling to agree to reduce its claims to less than 50 at this time, even in exchange for limits on the number of terms to be construed. However, the parties did agree that, in light of the Court's September 15 Order and the present uncertainty regarding the number of terms to be construed, a slight modification of the current claim construction briefing schedule is warranted. The parties intend to submit a joint proposed amended briefing schedule for the Court's consideration.

In sum, Pure Storage requests that the Court adopt the proposal set forth in its September 15 Order to limit the number of asserted claims. Should the Court find it helpful, Pure Storage's counsel is available to discuss the foregoing issues with the Court at the Court's convenience.

Respectfully submitted,

*/s/ John W. Shaw*

John W. Shaw (No. 3362)

cc:   Clerk of the Court (by hand delivery)
      All counsel of record (by CM/ECF)