# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Jack B. Blumenfeld**
(302) 351-9291
(302) 425-3012 FAX
jblumenfeld@mnat.com

September 17, 2014

**BY E-FILING**

The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3556

        Re:    *EMC Corporation, et al. v. Pure Storage, Inc.,*
                C.A. No. 13-1985-RGA (D. Del.)

Dear Judge Andrews:

      I write on behalf of the EMC plaintiffs. In accordance with your Order of September 15, 2014 (D.I. 60), counsel for the parties met and conferred in an attempt to reach agreement on streamlining the case by reducing the number of claim terms and asserted claims. As we noted in our previous letter, of the 25 terms identified for construction (two less than before due to agreements between the parties), the parties jointly identified four terms for construction, EMC alone identified another two, and Pure Storage alone identified an additional 19. Unfortunately, despite our best efforts, the parties were not able to reach an agreement. We therefore submit this letter to explain EMC's position and to suggest a protocol for completing the claim construction briefing. We also describe EMC's decision to unilaterally drop certain claims from the case in response to the Order (though a smaller number than Your Honor proposed), and report on an agreement between the parties on a slightly revised claim construction briefing schedule (subject to the Court's approval).

      We are mindful of Your Honor's comments about a possible connection between the number of asserted claims and the number of terms submitted for construction. There is, however, no such connection in this case. The number of asserted claims is not driving the number of claim terms identified for construction. Even if EMC were to reduce the number of asserted claims to the suggested 32, that would not remove a single claim term from the list in the Joint Claim Construction Chart (D.I. 56).

The reason 25 claim terms are submitted for construction is because Pure Storage by itself proposed 19 claim terms for construction. It is thus Pure Storage that is responsible for the long list. Many of Pure Storage's terms are plain, ordinary English words that do not require or warrant construction (*e.g.,* "identifier," "return," "storing," "scheduled"). Indeed, of the 19 terms Pure Storage has identified, EMC submits that 10 should be given their plain and ordinary meaning. If even half of these 10 ordinary words had been removed from Pure Storage's list, there would have been no reason to contact the Court about limiting the number of claim terms being construed.

Even though it will not affect the number of claim terms submitted for construction, EMC is dropping six asserted claims in an effort to achieve some case streamlining. Specifically, we will drop the following claims:

- '475 patent, claim 3
- '464 patent, claim 5
- '015 patent, claims 11–12
- '556 patent, claims 5, 14

We believe it is premature for EMC to drop more claims at this stage for the following reasons. The inventions from the five patents at issue have been commingled in the accused Pure Storage FlashArray systems. The patents cover "deduplication" technologies for avoiding the storage of duplicate files, technologies for detecting and repairing errors in stored files, and technologies for updating the designations of semiconductor-based storage devices as "read" and "write" devices. These inventions are all interrelated in the accused systems. Further, Pure Storage recently announced the introduction of new FlashArray products with an entirely new operating system. EMC has just begun to investigate those new products. In addition, EMC has not taken any depositions of Pure Storage's witnesses, fact or expert, and we have been waiting for Pure Storage to complete its document production, the deadline for which is October 31, 2014. We suspect there are many technical documents relating to the accused products that have not yet been produced, particularly the new products. To require a further reduction in asserted claims now, with so much discovery and claim construction yet to be done, would be highly prejudicial to EMC. In our experience with patent cases, the main streamlining of infringement allegations—as well as defenses—occurs after the claims have been construed and fact discovery has been completed.

Because Pure Storage apparently will not reduce the number of terms submitted for construction, unless the Court is going to order Pure Storage to do so, EMC requests that the page limits for claim construction briefing be slightly enlarged. Specifically, we propose that each side be given an additional 10 pages for its initial brief and an additional 5 pages for the reply and sur-reply, so that the claim construction briefs would be 30, 40, 25 and 15 pages. Pure Storage opposes this request. The parties have agreed, however, to a revision in the briefing schedule, subject to Your Honor's approval. Under this proposed new schedule, the parties'

respective claim construction briefs would be due September 26, October 24, November 6, and November 19. The parties would file their joint brief with the Court on November 24, only slightly later than the current deadline for the joint brief and more than three weeks before the December 16 claim construction hearing (D.I. 16, ¶¶ 10–11).

EMC is available for a telephonic conference with the Court if Your Honor would find that helpful.

Respectfully,

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

JBB/dam
cc: All Counsel of Record
8534823