IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EMC CORPORATION, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 13-1985-RGA |
| PURE STORAGE INC., | : | |
| Defendant. | : | |

**ORDER**

Having read the recent submissions (D.I. 63, 64), and tending to think that there would be little or no prejudice[1] to EMC by a further reduction from what I understand to be 52 asserted claims (58 minus 6) over five patents to 32 asserted claims, IT IS HEREBY ORDERED this 19th day of September 2014, that Plaintiff reduce its number of asserted claims to 32 by no later than the date it files its opening claim construction brief. Upon a showing of diligence, and with due consideration for prejudice, EMC may seek to modify this order for good cause shown. Any request to add unasserted claims as asserted claims must specifically show why such an addition is warranted.

The Court will not extend the page limits for the claim construction briefing. Plaintiff blames Defendant for having too many disputed terms. I cannot tell whether Defendant is unnecessarily (or even vexatiously) proposing construction of terms that do not need

---

[1] EMC says Defendant is introducing new products, suggesting that claim reduction should await that. My experience, however, suggests that Defendant will keep introducing new products, and therefore there would never be a good time for a reduction. The other reasons advanced (D.I. 64 at 2) also do not persuade me that EMC can not make a reasoned judgment at this time as to its 32 best claims. If in fact EMC cannot, it should so advise and I will consider postponing the claim construction until EMC can make that reasoned judgment.

construction, but I find that having Plaintiff open the briefing with arguments for plain meaning is generally not very helpful. Thus, Plaintiff need only brief in its opening brief those terms for which it proposes a construction. Of course, Plaintiff will need to respond in its reply brief if Defendant proposes constructions for terms that the Plaintiff believes should be given their plain meaning.

    The parties should not expect, no matter how many terms they brief, to have argument on more than ten of them. The parties may jointly propose a list after the briefing is complete, although I reserve the right to direct otherwise after I have reviewed the briefing.

*Richard G. Andrews*
United States District Judge