# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EMC CORPORATION,
EMC INTERNATIONAL COMPANY, and
EMC INFORMATIONAL SYSTEMS
INTERNATIONAL,

        Plaintiffs,

v.

PURE STORAGE, INC.,

        Defendant.

C.A. No. 13-1985 (RGA)

## MEMORANDUM ORDER

Before the Court is Plaintiffs' Motion to Strike Defendant's Affirmative Defenses of

Inequitable Conduct and Unclean Hands. (D.I. 54). It is fully briefed. (D.I. 55, 61, 67). For the

reasons stated below, it will be **GRANTED IN PART and DENIED IN PART**.

In response to a patent infringement action, Defendant asserted the affirmative defenses

of inequitable conduct and unclean hands relying upon inequitable conduct to invalidate one of

the patents at issue ("'475 patent"), arguing that the inventors of the patent, Victor Tung and

Stephen Scaringella, failed to disclose the prior art "Ofer '885 patent" that is "but for" material

with the intent to deceive during patent prosecution. (D.I. 48 at 11-12). Defendant similarly

asserted that two attorneys associated with the prosecution of the '475 patent, Gary Walpert and

John Gunther, also failed to disclose the Ofer '885 patent with the intent to deceive. (*Id.*).

Plaintiffs moved to strike the defenses of inequitable conduct and unclean hands, arguing that

Defendant had not pled with particularity that the '475 inventors, and lawyers Walpert and

Gunther, had the specific intent to deceive the Patent Office. (D.I. 55 at pp.7-14). Defendant

1

responded that at the pleading stage it need only plead facts supporting a reasonable inference that inequitable conduct had occurred, and that it has adequately pled such facts. (D.I. 61 at pp.6-18).

An individual commits inequitable conduct when prosecuting a patent application if she (1) makes an affirmative misrepresentation of material fact (2) with the specific intent to deceive the Patent Office. *Wyeth Holdings Corp. v. Sandoz, Inc.*, 2012 WL 600715, at *5 (D. Del. Feb. 3, 2012) (citing *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1365 (Fed. Cir. 2008)). The focus of this Motion, and subsequent briefing, is the second prong of inequitable conduct, the specific intent to deceive. (*See* D.I. 55 at p.7). To plead inequitable conduct, a party must allege the requisite particularity, identifying the "specific who, what, when, where and how of the material misrepresentation or omission committed before the PTO," and such a pleading must include "sufficient allegations of underlying facts from which a court may reasonably infer" that an individual knew of the withheld material information or withheld this information with the specific intent to deceive the PTO. *Wyeth*, 2012 WL 600715, at *5 (quoting *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328-29 (Fed. Cir. 2009)).[1]

---

[1] Plaintiffs' Motion provides legal standards for inequitable conduct from *Therasense, Inc. v. Becton, Dickinson Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011) (en banc), which "tighten[ed] the standards for finding both intent and materiality in order to redirect a doctrine that has been overused to the detriment of the public." *Therasense*, unlike *Exergen*, concerned the review of a district court's determination of inequitable conduct at a bench trial, rather than the requirements for pleading inequitable conduct. To meet the evidentiary standard of clear and convincing evidence of inequitable conduct, *Therasense* held "the specific intent to deceive must be the single most reasonable inference able to be drawn from the evidence." *Therasense*, 649 F.3d at 1290 (citations omitted) (internal quotation marks omitted). At the pleading stage, however, I agree with Judge Burke that *Exergen*, not *Therasense*, must apply, which means the facts pled must allow a court to reasonably infer that material information was withheld with specific intent. *See Wyeth*, 2012 WL 600715 at *6-9.

2

## 1. Walpert and Gunther

Plaintiffs contend that Defendant has not offered any particularized allegations of Walpert and Gunther's involvement in the prosecution of the '475 patent, beyond that they are listed in the patent's file history as having power of attorney to represent the inventors at the PTO, along with five other attorneys. (D.I. 55 at pp.11-13; *see* D.I. 55-2 at 51). Defendant argues that Walpert and Gunther were "substantively involved" in the prosecution of the '475 patent and also knew of material information in the Ofer '885 patent. (D.I. 61 at p.17 (citing D.I. 48 at 17-18)). Defendant has not offered any factual allegation of Walpert and Gunther's involvement in the prosecution of the '475 patent beyond their appointment, along with five others, of power of attorney. Without more, there is no reason to infer that the lawyers, simply listed as power of attorney along with five others, were substantively involved in prosecuting the '475 patent.[2] The Court agrees with Plaintiffs that Defendant has not pled sufficient facts to infer that the lawyers committed inequitable conduct. Therefore, the Court strikes Defendant's affirmative defenses of inequitable conduct and unclean hands with respect to Walpert and Gunther.

## 2. Tung and Scaringella

Plaintiffs argue that Defendant has not pled sufficient facts to establish that Tung and Scaringella knew of, or had the specific intent to withhold information about, the Ofer '885 patent. (D.I. 55 at pp.8-11). Defendant counters that it has provided sufficient facts to support an inference that Tung and Scaringella knew of the Ofer '885 patent. (D.I. 61 at p.9). Defendant

---

[2] Indeed, the absence of any factual allegations suggests the opposite—that they were not involved, substantively or otherwise, in the prosecution of the '475 patent.

3

points out that the inventors of the Ofer '885 patent were colleagues of Tung and Scaringella. (D.I. 61 at p.9 (citing D.I. 48 at 10-12)). Defendant states that both sets of inventors worked on the same family of products at the same company. *Id.* Defendant stresses that Tung and Scaringella were familiar with, and cited, other works by at least one of the Ofer '885 patent's inventors in their application for the '475 patent. *Id.* Based on these allegations, the Court agrees with Defendant that, at least at the pleading stage, sufficient facts have been alleged to withstand a motion to strike the affirmative defenses of inequitable conduct and unclean hands.

## 3. Conclusion

For the above reasons, the Motion (D.I. 54) is **GRANTED IN PART and DENIED IN PART**.

Entered this $\underline{5}^{\text{th}}$ day of November, 2014.

United States District Judge