# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EMC CORPORATION, EMC | ) | |
| INTERNATIONAL COMPANY and | ) | |
| EMC INFORMATION SYSTEMS | ) | |
| INTERNATIONAL, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 13-1985 (RGA) |
| | ) | |
| v. | ) | |
| | ) | |
| PURE STORAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF EMC CORPORATION'S FIFTH AMENDED INITIAL
DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**

Plaintiff EMC Corporation ("EMC") hereby makes the following disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1) and 26(e) and Paragraph 1 of the Court's February 21, 2014 Scheduling Order (D.I. 16).

EMC's investigation of facts and information relating to this lawsuit is ongoing, and the disclosure below is based on information reasonably available to EMC at this time, following a good faith inquiry.  By making these disclosures, EMC does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this action.  EMC reserves all rights, consistent with Rule 26(e), to modify, amend, and/or supplement the disclosures made herein as additional evidence and information becomes available.

EMC's disclosures are made without waiving the right to object on any proper ground to (1) the use of any disclosed information in this action or in any other proceeding; (2) any discovery request or proceeding involving or relating to the subject matter of these disclosures; and (3) the production of any document or tangible thing disclosed in these disclosures on the

basis of a privilege or other valid objection.  All of the disclosures set forth below are made subject to the above objections and qualifications.

      1.      **Individuals Likely to Have Discoverable Information.**

EMC believes that the following individuals may have discoverable, non-privileged information that EMC may use to support its claims in this action.  EMC's investigation is ongoing, and it reserves the right to identify additional individuals at a later date.  These identifications are not an admission that these individuals' testimony would be admissible evidence; nor do the disclosures of the subject of information serve to limit the range of discoverable information or potential testimony to be provided.

| | Name and Contact | Subject Matter |
|---|---|---|
| 1. | Barbara Robidoux<br>Vice President, Marketing<br>EMC Corporation<br>Hopkinton, Massachusetts<br><br>c/o Orrick, Herrington & Sutcliffe LLP | EMC's business and corporate history. |
| 2. | Jonathan Siegal<br>Vice President, Product Marketing<br>EMC Corporation<br>Hopkinton, Massachusetts<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Marketing and sale of EMC products (VNX and VMAX); lost profits; competition with the accused products. |
| 3. | Josh Goldstein<br>Vice President, Marketing XtremIO<br>EMC Corporation<br>Santa Clara, California<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Marketing and sale of EMC products (XtremIO); lost profits; competition with the accused products. |
| 4. | Michael Wing<br>Vice President, Flash Sales<br>EMC Corporation<br>New York, New York<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Marketing and sale of EMC products (XtremIO); lost profits; competition with the accused products. |

| | Name and Contact | Subject Matter |
|---|---|---|
| 5. | Sonny Aulakh<br>Vice President, Technical Operations<br>    XtremIO<br>EMC Corporation<br>San Jose, California<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Lost sales; relevant lost sales documents. |
| 6. | Carolyn Ross<br>Senior Director, Business Operations<br>EMC Corporation<br>Hopkinton, Massachusetts<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Lost sales; relevant lost sales documents. |
| 7. | Mark Melcher<br>Director, Pricing<br>EMC Corporation<br>Hopkinton, Massachusetts<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Pricing information relating to VMAX. |
| 8. | Daniel Cobb<br>Vice President, Information<br>    Technology<br>EMC Corporation<br>Hopkinton, Massachusetts<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Technical and marketplace information related to EMC's flash products and technologies. |
| 9. | Robin Ren<br>Senior Director, Technology<br>EMC Corporation<br>Santa Clara, California<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Technical and marketplace information related to EMC's XtremIO product. |
| 10. | Stephen Manley<br>Senior Vice President, CTO<br>EMC Corporation<br>Santa Clara, California<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Technical and marketplace information related to EMC's Data Domain products. |

| | Name and Contact | Subject Matter |
|---|---|---|
| 11. | Patty Mitchell<br>Senior Account Manager, Investment<br>EMC Corporation<br>Santa Clara, California<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Competition between Pure and EMC's VNX, VMAX, and XtremIO products; sales and marketplace information related to VNX, VMAX, and XtremIO. |
| 12. | Rohit Bhat<br>Systems Engineer<br>EMC Corporation<br>Lisle, Ireland<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Competition between Pure and EMC's VNX, VMAX, and XtremIO products; sales and marketplace information related to VNX, VMAX, and XtremIO. |
| 13. | Kate Gladziszewski<br>Manager, Product Management<br>EMC Corporation<br>Hopkinton, Massachusetts<br><br>c/o Orrick, Herrington & Sutcliffe LLP | XtremIO pricing and cost information. |
| 14. | Officers, directors, and employees of Pure Storage, Inc., including at least the following individuals:<br><br>Scott Dietzen<br>CEO, Pure Storage, Inc.<br><br>John Colgrove<br>CTO, Pure Storage, Inc.<br><br>Matt Kixmoeller<br>VP, Products, Pure Storage, Inc.<br><br>c/o Counsel for Pure Storage | The accused products; competition between the accused products and EMC products; profits and revenues for the accused products. |
| 15. | Aneel Bhusri<br>Board of Directors, Pure Storage, Inc.<br><br>c/o Counsel for Pure Storage | Willful infringement. |
| 16. | Frank Slootman<br>Board of Directors, Pure Storage, Inc.<br><br>c/o Counsel for Pure Storage | Willful infringement. |

|     | Name and Contact | Subject Matter |
|-----|------------------|----------------|
| 17. | Anna Mulcahy<br>Senior Director, Tax, EISI<br>EMC Corporation<br>Cork, Ireland<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Revenues associated with some Patents in Suit |
| 18. | John Fitzgerald<br>Director, Software Engineering<br>EMC Corporation<br>Hopkinton, Massachusetts<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Conception, reduction to practice, and diligence in the reduction to practice of the claimed inventions of the '475 patent. |
| 19. | Sam Marraccini<br>Director, Product Marketing<br>EMC Corporation<br>Pittsburgh, Pennsylvania<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Lost sales; competition between Pure and EMC's VNX, VMAX, and XtremIO products; sales and marketplace information related to VNX, VMAX, and XtremIO. |
| 20. | Matt Fernandes<br>Senior Manager, Finance<br>EMC Corporation<br>Hopkinton, MA<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Financial information related to EMC products. |
| 21. | Karl Owen<br>Lead Software Engineer and<br>    Distinguished Engineer<br>EMC Corporation<br>Research Triangle Park, NC<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Technical information related to EMC's VNX products. |
| 22. | Walt O'Brien<br>Lead Technologist and Distinguished<br>    Engineer<br>EMC Corporation<br>Hopkinton, MA<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Technical information related to EMC's VNX products. |

|     | Name and Contact | Subject Matter |
| --- | --- | --- |
| 23. | Rich Ruef<br>Senior Consultant, Software<br>    Engineering<br>EMC Corporation<br>Santa Clara, CA<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Technical information related to EMC's VNX products. |
| 24. | Steve Morley<br>Senior Consultant, Software<br>    Engineering<br>EMC Corporation<br>Hopkinton, MA<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Technical information related to EMC's VNX products. |
| 25. | Stephen Ives<br>Director, Software Engineering<br>EMC Corporation<br>Hopkinton, MA<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Technical information related to EMC's VMAX products. |
| 26. | Manesh Kamat<br>Senior Consultant, Software<br>    Engineering<br>EMC Corporation<br>Santa Clara, CA<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Technical information related to EMC's Data Domain products. |
| 27. | Kadir Ozdemir<br>Technology Director<br>EMC Corporation<br>Santa Clara, CA<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Technical information related to EMC's Data Domain products. |
| 28. | Danielle Botticello<br>Senior Product Marketing Manager<br>EMC Corporation<br>Hopkinton, MA<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Standard cost information for VMAX and/or VNX. |

| | Name and Contact | Subject Matter |
|---|---|---|
| 29. | Brian Touhey<br>Manager, Pricing<br>EMC Corporation<br>Hopkinton, MA<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Standard cost information for VMAX and/or VNX. |
| 30. | Jon Jordan<br>Senior Manager, Program<br>    Management<br>EMC Corporation<br>Apex, NC<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Actual and forecasted sales and shipments of VNX and XtremIO; EMC's manufacturing capacity with respect to VNX and XtremIO. |
| 31. | Todd McBride<br>Director, Program/Project<br>    Management<br>EMC Corporation<br>Franklin, MA<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Actual and forecasted sales and shipments of VMAX; EMC's manufacturing capacity with respect to VMAX. |
| 32. | Ken Cherry<br>Director, Manufacturing<br>EMC Corporation<br>Franklin, MA<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Actual and forecasted sales and shipments of VMAX; EMC's manufacturing capacity with respect to VMAX. |
| 33. | Sean P. Sullivan<br>Senior Director, Finance<br>EMC Corporation<br>Hopkinton, MA<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Financial and marketplace information related to VMAX, VNX, and XtremIO. |
| 34. | Adam Liszewski<br>Senior Competitive Business<br>    Consultant<br>EMC Corporation<br>Conshohocken, PA<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Financial and marketplace information related to VMAX, VNX, and XtremIO; competition between EMC and Pure Storage. |

|     | Name and Contact | Subject Matter |
| --- | --- | --- |
| 35. | Greg Findlen<br>Senior Director, Product Marketing<br>EMC Corporation<br>Hopkinton, MA<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Financial and marketplace information related to VNX; EMC's all-flash strategy related to VNX; pricing information relating to VNX; competition between EMC and Pure Storage; lost profits. |
| 36. | Jeff Boudreau<br>Senior Vice President, Engineering<br>   Operations<br>EMC Corporation<br>Hopkinton, MA<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Financial and marketplace information related to VMAX and VNX; pricing information relating to VMAX and VNX; competition between EMC and Pure Storage; lost profits. |
| 37. | Phil Treide<br>Consultant Product Marketing<br>   Manager<br>EMC Corporation<br>Hopkinton, MA<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Financial and marketplace information related to VNX; competition between EMC and Pure Storage. |
| 38. | Coley Burke<br>Director, Product Sales<br>EMC Corporation<br>Blue Ash, OH<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Sales information relating to VMAX; competition between EMC and Pure Storage; lost sales to Pure Storage. |
| 39. | Gail Greener<br>Vice President, Product Management<br>EMC Corporation<br>Hopkinton, MA<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Financial and marketplace information related to VMAX; competition between EMC and Pure Storage. |
| 40. | William Leslie<br>Principal Product Marketing Manager<br>EMC Corporation<br>Centennial, CO<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Marketplace information related to VMAX; competition between EMC and Pure Storage. |

|  | **Name and Contact** | **Subject Matter** |
|---|---|---|
| 41. | William Clark<br>Vice President & Assistant General<br>    Counsel, IP Litigation<br>EMC Corporation<br>Hopkinton, MA<br><br>c/o Orrick, Herrington & Sutcliffe LLP | Non-privileged information regarding EMC patent licenses, EMC valuations of the patents-in-suit and underlying inventions, EMC's reasons for acquiring Data Domain; EMC's corporate relationships |

Other individuals likely to have discoverable, non-privileged information that EMC may use to support its claims in this action include (i) individuals identified in the documents produced in discovery, (ii) the named inventors of the Patents in Suit, and (iii) the individuals listed in Pure Storage's Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and the Delaware Default Standard For Discovery.  EMC expressly reserves the right to call any such individuals as a witness at trial.

## 2.     Categories of Documents, Data Compilations, Tangible Things.

At present, EMC believes the following categories of documents, electronically stored information, and/or tangible things, which are in its possession, custody, or control, may be used to support its claims.  These categories are in no way admissions that any specific documents within a specified category exist or that they are within the custody or control of EMC. Identification and production of the documents in the categories listed below shall not be construed as a waiver of any objection, attorney-client privilege, work-product immunity, and/or any other privilege or exception afforded to EMC.

- U.S. Patent Nos. 6,904,556, 6,915,475, 7,373,464, 7,434,015, and 8,375,187, (the "Patents in Suit");

- Documents relating to the prosecution histories for the Patents in Suit;

- Documents relating to the conception and reduction to practice of the inventions claimed in the Patents in Suit;

- Documents relating to the assignment of the Patents in Suit to EMC;

- Statements by Pure Storage relating to the accused products or competing EMC products;

- Documents relating to EMC's claim for monetary and injunctive relief.

- Documents relating to EMC products that practice the inventions of the Patents in Suit.

At least some of these documents are in the possession of EMC.  EMC has not completed its investigation or its process of gathering documents relating to this action and, as such, reserves the right to supplement these disclosures as its investigation proceeds with documents that are now or may later come within its possession, custody, or control. EMC reserves the right to object to the production or admissibility of particular documents on the basis of attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or doctrine, or on the basis of relevance or any other ground permitted under Rule 26 and applicable case law.

## 3. **Computation of Damages.**

EMC seeks damages for patent infringement under 35 U.S.C. § 284 (including enhanced damages and a post-verdict accounting), including pre-judgment and post-judgment interest and an award of attorneys' fees and costs.  Because this case is still at an early stage, EMC does not yet have a computation of such fees and expenses.  The computation of damages will be the subject of analysis by one or more expert witnesses.  EMC reserves the right to supplement this disclosure at a later date in light of further discovery.

## 4. **Insurance Agreements.**

Currently, EMC is not aware of any insurance agreements applicable to the claims asserted in this case.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
jtigan@mnat.com

*Attorneys for Plaintiffs EMC Corporation,*
*EMC International Company and EMC*
*Information Systems International*

OF COUNSEL:

Chris R. Ottenweller
Matthew H. Poppe
Jesse Y. Cheng
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Alyssa M. Caridis
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Los Angeles, CA  90017
(213) 629-2020

T. Vann Pearce, Jr.
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005
(202) 339-8400

Paul T. Dacier
Krishnendu Gupta
William R. Clark
Thomas A. Brown
EMC CORPORATION
176 South Street
Hopkinton, MA  01748

February 12, 2015
8887051.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 12, 2015, I caused copies of the foregoing document to

be served **before 6:00 p.m.** upon the following in the manner indicated:

John W. Shaw, Esquire                                    *VIA ELECTRONIC MAIL*
David M. Fry, Esquire
SHAW KELLER
300 Delaware Avenue, Suite 1120
Wilmington, DE  19801
*Attorneys for Defendant*


Robert A. Van Nest, Esquire                          *VIA ELECTRONIC MAIL*
Matthew Werdegar, Esquire
Ashok Ramani, Esquire
R. Adam Lauridsen, Esquire
Corey A. Johanningmeier, Esquire
David W. Rizk, Esquire
Stuart L. Gasner, Esquire
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA  94111-1809
*Attorneys for Defendant*


                                        */s/ Jeremy A. Tigan*
                                        Jeremy A. Tigan (#5239)

# Exhibit B



**KEKER & VAN NEST** LLP

633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
kvn.com

**Matthew Werdegar**
(415) 676-2248
mwerdegar@kvn.com

February 19, 2015

**VIA ELECTRONIC MAIL**

Matthew H. Poppe
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA. 94025
mpoppe@orrick.com

Re:     *EMC Corporation v. Pure Storage, Inc.,* Case No.13-1985-RGA (D. Del)
          EMC's Fifth Initial Disclosures

Dear Matt:

      I write with regard to EMC's Fifth Amended Initial Disclosures of February 12, 2015. Those disclosures prejudicially add more than twenty EMC employees that were not included in any of EMC's four prior Rule 26(a)(1) disclosures over the last year of fact discovery.  And they do so one month before the close of fact discovery, when a large number of depositions are already scheduled.  The vast majority of these individuals were never before identified as potential witnesses that EMC may rely on to support its claims in this action or designated as Rule 30(b)(6) witnesses for EMC—even though they are EMC employees within EMC's knowledge and control.  Furthermore, most of the new witnesses are designated cumulatively on core topics that have been identified since the beginning of the case—such as sales, competition, financial information, and technical information about EMC products.

      Disclosure of more than twenty potential new trial witnesses in the last month of discovery necessarily prejudices Pure Storage, depriving it of the ability to discover and test the knowledge of the witnesses through document, email, or deposition discovery.  This last-minute, overbroad disclosure (conveniently made one day after the deadline to serve additional written discovery and at a time when the deposition calendar already is largely set and overly full) also disrupts the parties' agreed discovery process and agreed limitations on the scope of that process.  Both the number of disclosed witnesses and the timing of this disclosure prevent Pure Storage from taking discovery that it would otherwise be entitled to seek.  Moreover, EMC cannot legitimately intend to rely upon testimony from more than a small fraction of the witnesses listed in its fifth disclosure in support of summary judgment or at trial.

February 19, 2015
Page 2

EMC has failed to offer any explanation or excuse for this last-minute doubling of its identified witness list.  And EMC has failed to offer either an explanation of why additional witnesses are needed on topics for which individuals have already been disclosed and/or designated—or an identification of witnesses that have unique, non-cumulative information.  But the prejudice to Pure Storage is the same regardless of the reasons for EMC's delay.  Unless a fair accommodation can be reached, Pure Storage will alert the Court to this issue and seek to exclude untested trial or summary judgment testimony from witnesses disclosed for the first time in EMC's Fifth Amended Initial Disclosures.

Please identify a time that you could meet and confer to discuss any justification you believe you might have for the delayed timing and broad, cumulative scope of EMC's fifth disclosure.  Please also be prepared to discuss whether you will withdraw some or all of the additional disclosures, whether you will agree that none of these belatedly identified new potential witnesses will be called to testify if not previously deposed in this case, or whether you will agree to other arrangements that permit Pure Storage to discover and test the likely testimony of any properly identified witnesses within this group—at a time and in a manner that does not impact the existing case schedule or prejudice Pure Storage in its preparation of its defense in this matter.

Very truly yours,

*/s/ Matthew Werdegar*

Matthew Werdegar

cc:  Counsel on Service List

904794.02

# Exhibit C

## David W. Rizk

| | |
|---|---|
| **From:** | Matthew Werdegar |
| **Sent:** | Monday, March 16, 2015 1:53 PM |
| **To:** | Pearce Jr., T. Vann (vpearce@orrick.com) |
| **Cc:** | EMC/Pure Storage OHS Only (EMC/Pure_Storage_OHS_Only@orrick.com); PURE-KVN; John Shaw; David Fry; Jeremy Tigan (JTigan@MNAT.com) |
| **Subject:** | EMC v. Pure Storage -- stipulation concerning pre-trial depositions of newly identified EMC witnesses |
| **Attachments:** | KVNDOC1-#921701-v1-pure-p-further_revised_witness_disclosure_stipulation__clean_copy_.DOCX; KVNDOC1-#921697-v1-pure-p-further_revised_witness_disclosure_stipulation.DOCX |

Vann –

Your revised proposed stipulation regarding the eighteen EMC witnesses disclosed for the first time in EMC's February 12, 2015 Fifth Amended Initial Disclosures leaves out several key provisions that were in our original draft and that need to be incorporated in some form into any final stipulation.

First, under your revised draft, EMC can wait to identify any trial witnesses disclosed for the first time in EMC's Fifth Amended Initial Disclosures until February 9, 2016 – three days before the final pre-trial conference and less than a month before trial.  That is too late.  Pure Storage should not be obliged to squeeze in what could be numerous pre-trial depositions in the final four weeks before trial.  Requiring Pure Storage to do so would be highly prejudicial.  Our original draft required EMC to disclose any trial witnesses first disclosed in its Fifth Amended Initial Disclosures by October 2014.  We are willing to extend that deadline, but are not willing to do away with it entirely.  The attached draft sets the deadline at December 5, 2015, which we believe is more than reasonable.

Second, your revised draft omits any obligation on the part of EMC to provide a summary of the newly disclosed witnesses' anticipated trial testimony, and it also seeks to impose a three hour limit on pre-trial depositions.  EMC can't have it both ways.  Either EMC must provide a short written summary of the witnesses' anticipated trial testimony or it must make the witnesses available for up to seven hours of on the record deposition time.  The attached revised draft omits the three hour limit, but we are willing to agree to a ½ day limit in exchange for a written summary of anticipated testimony provided by EMC according to the disclosure schedule discussed above.

Third, your revised draft cuts the provision that the 100 hour limit on fact depositions shall not apply to any pre-trial depositions.  This provision needs to be added back.

Attached for your review is a further revised draft stipulation, making the changes discussed above in redline, as well as a clean copy incorporating our additional edits.  Please let us know your position on this by the close of business on Wednesday.  If we cannot reach agreement by the end of the week, we will raise this issue with the Court for all the reasons set forth in our original letter on this issue.

Regards,
Matt

---

**From:** Pearce Jr., T. Vann [mailto:vpearce@orrick.com]
**Sent:** Friday, March 13, 2015 1:51 PM
**To:** Matthew Werdegar; David W. Rizk
**Cc:** EMC/Pure Storage OHS Only; PURE-KVN; Jeremy Tigan; John Shaw; David Fry
**Subject:** RE: EMC/Pure Storage: Agreement re: authenticity RFAs

Matt,

I have attached a revised stipulation regarding the witnesses.  I believe the changes are self-explanatory, but please let me know if you or someone else on your team would like to discuss.  Have a good trip back to California.

Vann

**From:** Matthew Werdegar [mailto:MWerdegar@kvn.com]
**Sent:** Thursday, March 12, 2015 7:47 PM
**To:** Pearce Jr., T. Vann; David W. Rizk
**Cc:** EMC/Pure Storage OHS Only; PURE-KVN; Jeremy Tigan; John Shaw; David Fry
**Subject:** RE: EMC/Pure Storage: Agreement re: authenticity RFAs

Vann – What is the status of this?  We sent you our proposed stipulation 8 days ago.  If we can't reach a mutually acceptable resolution soon, we will have to raise this issue with the Court.

Thanks,
Matt

**From:** Matthew Werdegar
**Sent:** Tuesday, March 10, 2015 8:59 AM
**To:** 'Pearce Jr., T. Vann'; David W. Rizk
**Cc:** EMC/Pure Storage OHS Only; PURE-KVN; Jeremy Tigan; John Shaw; David Fry
**Subject:** RE: EMC/Pure Storage: Agreement re: authenticity RFAs

Vann – Can you please provide any proposed edits you may have to our draft stipulation re the initial disclosure witnesses?  I understand that you have spoken to David about it and that you have some edits you intend to propose, which we are of course willing to consider.  We would like to wrap this up this week.

Regards,
Matt

**Matthew Werdegar**
Attorney at Law

**KEKER & VAN NEST** LLP

415 676 2248 direct   |   vCard   |   mwerdegar@kvn.com
633 Battery Street, San Francisco, CA 94111-1809   |   415 391 5400 main   |   kvn.com

**From:** Pearce Jr., T. Vann [mailto:vpearce@orrick.com]
**Sent:** Wednesday, March 04, 2015 12:08 PM
**To:** David W. Rizk; Matthew Werdegar
**Cc:** EMC/Pure Storage OHS Only; PURE-KVN; Jeremy Tigan; John Shaw; David Fry
**Subject:** RE: EMC/Pure Storage: Agreement re: authenticity RFAs

David,

The deposition stipulation (attached) is fine, you can file.

Having just received the stipulation re: initial disclosures witnesses, we won't be in a position to approve it today.  We'll review and respond as soon as possible.

I'll get back to you shortly on the RFA stipulation.

Best,
Vann

---

**From:** David W. Rizk [mailto:DRizk@kvn.com]
**Sent:** Wednesday, March 04, 2015 2:39 PM
**To:** Matthew Werdegar; Pearce Jr., T. Vann
**Cc:** EMC/Pure Storage OHS Only; PURE-KVN; Jeremy Tigan; John Shaw; David Fry
**Subject:** RE: EMC/Pure Storage: Agreement re: authenticity RFAs

Vann,

We are now awaiting your word on several proposed stipulations:

- First, attached is the promised draft stipulation regarding discovery procedures for the 18 witnesses that were newly disclosed in EMC's Fifth Amended Initial Disclosures.  Please let us know if EMC will sign off.  I'm available at my desk to discuss today if need be.
- Second, on Friday we agreed to your revisions to the stipulation allowing depositions after the close of fact discovery (also attached), and are awaiting your word on whether we have authorization to file that.
- Finally, on Monday I sent you a final version of our stipulation concerning authenticity (also attached).  I believe we are done with that, too, but we are also awaiting EMC's sign off.

Please respond by the end of the day, as we'd like to put these housekeeping matters to rest.

Thanks, David

---

**David W Rizk**
Attorney at Law

**KEKER & VAN NEST** LLP

415 773 6648 direct   |   vCard   |   drizk@kvn.com
633 Battery Street, San Francisco, CA 94111-1809   |   415 391 5400 main   |   kvn.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EMC CORPORATION, EMC INTERNATIONAL COMPANY, and EMC INFORMATION SYSTEMS INTERNATIONAL, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 13-1985-RGA |
| PURE STORAGE, INC., | ) ) | |
| Defendant. | ) ) | |

## STIPULATION AND [PROPOSED] ORDER

Plaintiffs and Defendant hereby STIPULATE, subject to the approval of the Court, that if Plaintiffs identify as a trial witness any person identified in EMC Corporation's Fifth Amended Initial Disclosures (served on February 12, 2015) who (a) was not identified in EMC's prior initial disclosures, and (b) has not been deposed in this lawsuit, then Defendant shall have the right to conduct a pre-trial deposition of any such persons.  If Plaintiffs intend to identify any such persons as trial witnesses, Plaintiffs shall do so by means of a written notice to Defendant on or before December 5, 2015 and shall makes any such persons available for deposition prior to January 25, 2016.  The 100 hour limit on fact depositions for Defendant set forth in the Scheduling Order [Dkt. No. 16] shall not apply to any pre-trial deposition conducted pursuant to this Stipulation and [Proposed] Order.

/s/ DRAFT

Jack B. Blumenfeld (No. 1014)
Rodger D. Smith, II (No. 3778)
Jeremy A. Tigan (No. 5239)
MORRIS, NICHOLS, ARHST & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19801
jblumenfeld@mnat.com
rsmith@mnat.com
jtigan@mant.com

*Attorneys for Plaintiffs EMC Corporation,
EMC International Company, and EMC
Information Systems International*

Dated:  March __, 2015

/s/ DRAFT

John W. Shaw (No. 3362)
David M. Fry (No. 5486)
SHAW KELLER LLP
300 Delaware Ave., Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
dfry@shawkeller.com

*Attorneys for Defendant Pure Storage, Inc.*

SO ORDERED this _____ day of _____, 2015.

_____
Judge Richard G. Andrews
UNITED STATES DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EMC CORPORATION, EMC INTERNATIONAL COMPANY, and EMC INFORMATION SYSTEMS INTERNATIONAL, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 13-1985-RGA |
| PURE STORAGE, INC., | ) ) | |
| Defendant. | ) ) | |

**STIPULATION AND [PROPOSED] ORDER**

WHEREAS, in its Fifth Amended Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1), served on February 12, 2015, Plaintiff EMC Corporation ("EMC") identified the names of eighteen new individuals (the "Newly Disclosed Witnesses"),[1] not previously listed in EMC's initial disclosures disclosed by EMC in discovery, who EMC has represented may have discoverable, non-privileged information that EMC may use to support its claims in this action;

WHEREAS the Scheduling Order (D.I. 16) in this action limits Defendant Pure Storage, Inc. ("Pure Storage") to a total of 100 hours of deposition upon oral examination, excluding expert depositions;

WHEREAS pursuant to the Scheduling Order, the last day on which Pure Storage could have served additional written discovery requests was February 11, 2015, one day prior to

---

[1] The Newly Disclosed Witnesses are as follows: Walt O'Brien, Rich Ruef, Steve Morley, Stephen Ives, Kadir Ozdemir, Danielle Boticello, Brian Touhey, Jon Jordan, Todd McBride, Ken Cherry, Sean P. Sullivan, Adam Lizewski, Greg Findlen, Jeff Boudreau, Phil Treide, Coley Burke, Gail Greener, and William Leslie.

1

EMC's disclosure of the Newly Disclosed Witnesses, and the last day to conduct fact discovery absent approval of the Court is March 13, 2015; and

WHEREAS EMC believes it is unlikely it will call any of the Newly Disclosed Witnesses at trial, but it reserves the right to do so;

NOW, THEREFORE, EMC Plaintiffs and Pure StorageDefendant hereby STIPULATE, subject to the approval of the Court, that if Plaintiffs identify as a trial witness in their proposed pre-trial order any person identified in EMC Corporation's Fifth Amended Initial Disclosures (served on February 12, 2015) who (a) was not identified in EMC's prior initial disclosures, and (b) has not been deposed in this lawsuit, then Defendant shall have the right to conduct a pre-trial deposition of any such persons. , each such deposition lasting for up to three hours. If Plaintiffs intend to identify any such persons as trial witnesses, Plaintiffs shall do so by means of a written notice to Defendant on or before December 5, 2015 and shall makes any such persons available for deposition prior to January 25, 2016.  The 100 hour limit on fact depositions for Defendant set forth in the Scheduling Order [Dkt. No. 16] shall not apply to any pre-trial deposition conducted pursuant to this Stipulation and [Proposed] Order., instead of altering the current case schedule, including the current March 13, 2015 fact discovery cut-off, and increasing the time limit on deposition by oral examination for Pure Storage in order to allow Pure Storage the opportunity to seek written discovery relating to, and to depose, the Newly Disclosed Witnesses, the following procedures shall apply to the Newly Disclosed Witnesses:

If EMC submits a declaration from any of the Newly Disclosed Witnesses in support of EMC's summary judgment motion(s), then EMC shall make any such identified Newly Disclosed Witnesses available for a deposition not to exceed 3.5 hours no later than [two weeks] before Pure Storage's response to that summary judgment motion(s) is due.

2

1.      On or before ~~January 8, 2016,~~ October 2, 2015, EMC shall disclose (1) the name(s) of any of the Newly Disclosed Witnesses that it intends to call as a witness at trial (if any),, and (2) a written proffer narrating the proposed trial testimony for each such Newly Disclosed Witness; and,

2.      EMC shall make any such identified Newly Disclosed Witnesses available for a pre-trial deposition not to exceed 3.5 hours no later than ~~February 8, 2016~~December 11, 2015; and,

3.      EMC shall be precluded from calling any of the Newly Disclosed Witnesses as a witness at trial unless it complies with the foregoing provisions of this Stipulation and Order; and,

4.      The 100 hour limit on fact depositions for Pure Storage set forth in the Scheduling Order shall not apply to any depositions conducted pursuant to this Stipulation and Order.

**Formatted:** Normal, Indent: First line:  0.5"

| /s/ DRAFT | /s/ DRAFT |
|---|---|
| Jack B. Blumenfeld (No. 1014) | John W. Shaw (No. 3362) |
| Rodger D. Smith, II (No. 3778) | David M. Fry (No. 5486) |
| Jeremy A. Tigan (No. 5239) | SHAW KELLER LLP |
| MORRIS, NICHOLS, ARHST & TUNNELL LLP | 300 Delaware Ave., Suite 1120 |
| 1201 North Market Street | Wilmington, DE 19801 |
| Wilmington, DE 19801 | (302) 298-0700 |
| jblumenfeld@mnat.com | jshaw@shawkeller.com |
| rsmith@mnat.com | dfry@shawkeller.com |
| jtigan@mant.com | |

*Attorneys for Plaintiffs EMC Corporation,
EMC International Company, and EMC
Information Systems International*

*Attorneys for Defendant Pure Storage, Inc.*

Dated:  March ___, 2015

SO ORDERED this ____ day of _____, 2015.

921697.01

_____
Judge Richard G. Andrews
UNITED STATES DISTRICT JUDGE

4

# Exhibit D

**David W. Rizk**

| | |
|---|---|
| **From:** | Pearce Jr., T. Vann <vpearce@orrick.com> |
| **Sent:** | Wednesday, March 18, 2015 8:32 AM |
| **To:** | Matthew Werdegar |
| **Cc:** | EMC/Pure Storage OHS Only; PURE-KVN; John Shaw; David Fry; Jeremy Tigan |
| **Subject:** | RE: EMC v. Pure Storage -- stipulation concerning pre-trial depositions of newly identified EMC witnesses |

Matt,

Rather than agree to your stipulation in advance with a number of conditions, some of which we find unacceptable, we instead propose revisiting the issue of depositions in a meet and confer if any of these witnesses are on our trial witness list when it is served.  We cannot, one year before trial, completely rule out the possibility that one or more of these people will be named on our trial witness list.  But to reiterate what we've discussed before, EMC added these individuals to EMC's initial disclosures because these people were involved in educating EMC's 30(b)(6) deponents in advance of depositions, and the 30(b)(6) deponents either testified or were prepared to testify about the knowledge of the more recently named individuals.  We disagree that identifying such people 30 days before the fact discovery cutoff is unreasonable, prejudicial, or belated.  I will also note that after this amendment, Pure Storage noticed and took the deposition of one of these people (Kate Gladziszewski).  If – and again, this is purely hypothetical at this stage – a person from this group is on EMC's trial witness list, the appropriate scope, length, and timing of any pre-trial deposition of that person will depend on the circumstances, and we will be happy to discuss at that time.

Best regards,
Vann

**From:** Matthew Werdegar [mailto:MWerdegar@kvn.com]
**Sent:** Monday, March 16, 2015 5:32 PM
**To:** Pearce Jr., T. Vann
**Cc:** EMC/Pure Storage OHS Only; PURE-KVN; John Shaw; David Fry; Jeremy Tigan
**Subject:** RE: EMC v. Pure Storage -- stipulation concerning pre-trial depositions of newly identified EMC witnesses

Vann – The point of our proposed December 5, 2015 disclosure deadline (which would just apply to the witnesses newly disclosed in EMC's Fifth Amended Initial Disclosures, and not to all of EMC's trial witnesses) is to allow Pure Storage enough time to depose the witnesses before trial and to cure the prejudice that EMC's late disclosure of these witnesses otherwise would cause.  I think the Court's broad inherent authority to manage its docket and to police the parties' compliance with Rule 26 more than covers our proposal.  That said, assuming we were to agree to a January 8, 2016 deadline for EMC to disclose whether it will be calling at trial any of the newly disclosed witnesses, will EMC agree to the other edits in the revised draft I sent to you?  Please let me know.

Matt

**Matthew Werdegar**
Attorney at Law

**KEKER & VAN NEST** LLP

415 676 2248 direct   |   vCard   |   mwerdegar@kvn.com
633 Battery Street, San Francisco, CA 94111-1809   |   415 391 5400 main   |   kvn.com

---

**From:** Pearce Jr., T. Vann [mailto:vpearce@orrick.com]
**Sent:** Monday, March 16, 2015 2:16 PM
**To:** Matthew Werdegar
**Cc:** EMC/Pure Storage OHS Only; PURE-KVN; John Shaw; David Fry; Jeremy Tigan
**Subject:** RE: EMC v. Pure Storage -- stipulation concerning pre-trial depositions of newly identified EMC witnesses

Matt,

Thank you for your email.  I will confer with EMC, but I have one initial reaction:  I believe that under the scheduling order, we must provide a draft pre-trial order on January 8, 2016, listing among other things the names of the witnesses EMC intends to call at trial.  I see no basis for requiring EMC to identify a sub-set of its trial witnesses before then, and I suspect we will not agree to any such requirement.  Can you cite any authority for your request for an earlier deadline for these particular individuals?

Best,
Vann

---

**From:** Matthew Werdegar [mailto:MWerdegar@kvn.com]
**Sent:** Monday, March 16, 2015 4:53 PM
**To:** Pearce Jr., T. Vann
**Cc:** EMC/Pure Storage OHS Only; PURE-KVN; John Shaw; David Fry; Jeremy Tigan
**Subject:** EMC v. Pure Storage -- stipulation concerning pre-trial depositions of newly identified EMC witnesses

Vann –

Your revised proposed stipulation regarding the eighteen EMC witnesses disclosed for the first time in EMC's February 12, 2015 Fifth Amended Initial Disclosures leaves out several key provisions that were in our original draft and that need to be incorporated in some form into any final stipulation.

First, under your revised draft, EMC can wait to identify any trial witnesses disclosed for the first time in EMC's Fifth Amended Initial Disclosures until February 9, 2016 – three days before the final pre-trial conference and less than a month before trial.  That is too late.  Pure Storage should not be obliged to squeeze in what could be numerous pre-trial depositions in the final four weeks before trial.  Requiring Pure Storage to do so would be highly prejudicial.  Our original draft required EMC to disclose any trial witnesses first disclosed in its Fifth Amended Initial Disclosures by October 2014.  We are willing to extend that deadline, but are not willing to do away with it entirely.  The attached draft sets the deadline at December 5, 2015, which we believe is more than reasonable.

Second, your revised draft omits any obligation on the part of EMC to provide a summary of the newly disclosed witnesses' anticipated trial testimony, and it also seeks to impose a three hour limit on pre-trial depositions.  EMC can't have it both ways.  Either EMC must provide a short written summary of the witnesses' anticipated trial testimony or it must make the witnesses available for up to seven hours of on the record deposition time.  The attached revised draft omits the three hour limit, but we are willing to agree to a ½ day limit in exchange for a written summary of anticipated testimony provided by EMC according to the disclosure schedule discussed above.

Third, your revised draft cuts the provision that the 100 hour limit on fact depositions shall not apply to any pre-trial depositions.  This provision needs to be added back.

Attached for your review is a further revised draft stipulation, making the changes discussed above in redline, as well as a clean copy incorporating our additional edits.  Please let us know your position on this by the close of business on Wednesday.  If we cannot reach agreement by the end of the week, we will raise this issue with the Court for all the reasons set forth in our original letter on this issue.

Regards,
Matt

---

**From:** Pearce Jr., T. Vann [mailto:vpearce@orrick.com]
**Sent:** Friday, March 13, 2015 1:51 PM
**To:** Matthew Werdegar; David W. Rizk
**Cc:** EMC/Pure Storage OHS Only; PURE-KVN; Jeremy Tigan; John Shaw; David Fry
**Subject:** RE: EMC/Pure Storage: Agreement re: authenticity RFAs

Matt,

I have attached a revised stipulation regarding the witnesses.  I believe the changes are self-explanatory, but please let me know if you or someone else on your team would like to discuss.  Have a good trip back to California.

Vann

---

**From:** Matthew Werdegar [mailto:MWerdegar@kvn.com]
**Sent:** Thursday, March 12, 2015 7:47 PM
**To:** Pearce Jr., T. Vann; David W. Rizk
**Cc:** EMC/Pure Storage OHS Only; PURE-KVN; Jeremy Tigan; John Shaw; David Fry
**Subject:** RE: EMC/Pure Storage: Agreement re: authenticity RFAs

Vann – What is the status of this?  We sent you our proposed stipulation 8 days ago.  If we can't reach a mutually acceptable resolution soon, we will have to raise this issue with the Court.

Thanks,
Matt

---

**From:** Matthew Werdegar
**Sent:** Tuesday, March 10, 2015 8:59 AM
**To:** 'Pearce Jr., T. Vann'; David W. Rizk
**Cc:** EMC/Pure Storage OHS Only; PURE-KVN; Jeremy Tigan; John Shaw; David Fry
**Subject:** RE: EMC/Pure Storage: Agreement re: authenticity RFAs

Vann – Can you please provide any proposed edits you may have to our draft stipulation re the initial disclosure witnesses?  I understand that you have spoken to David about it and that you have some edits you intend to propose, which we are of course willing to consider.  We would like to wrap this up this week.

Regards,
Matt

**Matthew Werdegar**
Attorney at Law

**KEKER & VAN NEST** LLP

415 676 2248 direct   |   vCard   |   mwerdegar@kvn.com
633 Battery Street, San Francisco, CA 94111-1809   |   415 391 5400 main   |   kvn.com

---

**From:** Pearce Jr., T. Vann [mailto:vpearce@orrick.com]
**Sent:** Wednesday, March 04, 2015 12:08 PM
**To:** David W. Rizk; Matthew Werdegar
**Cc:** EMC/Pure Storage OHS Only; PURE-KVN; Jeremy Tigan; John Shaw; David Fry
**Subject:** RE: EMC/Pure Storage: Agreement re: authenticity RFAs

David,

The deposition stipulation (attached) is fine, you can file.

Having just received the stipulation re: initial disclosures witnesses, we won't be in a position to approve it today.  We'll review and respond as soon as possible.

I'll get back to you shortly on the RFA stipulation.

Best,
Vann

---

**From:** David W. Rizk [mailto:DRizk@kvn.com]
**Sent:** Wednesday, March 04, 2015 2:39 PM
**To:** Matthew Werdegar; Pearce Jr., T. Vann
**Cc:** EMC/Pure Storage OHS Only; PURE-KVN; Jeremy Tigan; John Shaw; David Fry
**Subject:** RE: EMC/Pure Storage: Agreement re: authenticity RFAs

Vann,

We are now awaiting your word on several proposed stipulations:

- First, attached is the promised draft stipulation regarding discovery procedures for the 18 witnesses that were newly disclosed in EMC's Fifth Amended Initial Disclosures.  Please let us know if EMC will sign off.  I'm available at my desk to discuss today if need be.
- Second, on Friday we agreed to your revisions to the stipulation allowing depositions after the close of fact discovery (also attached), and are awaiting your word on whether we have authorization to file that.
- Finally, on Monday I sent you a final version of our stipulation concerning authenticity (also attached).  I believe we are done with that, too, but we are also awaiting EMC's sign off.

Please respond by the end of the day, as we'd like to put these housekeeping matters to rest.

Thanks, David

---

**David W Rizk**
Attorney at Law

**KEKER & VAN NEST** LLP

415 773 6648 direct   |   vCard   |   drizk@kvn.com

633 Battery Street, San Francisco, CA 94111-1809   |   415 391 5400 main   |   kvn.com

---

**NOTICE TO RECIPIENT |** This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*

---

**NOTICE TO RECIPIENT |** This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*

# Exhibit E

**David W. Rizk**

| | |
|---|---|
| **From:** | Pearce Jr., T. Vann <vpearce@orrick.com> |
| **Sent:** | Thursday, March 19, 2015 8:15 AM |
| **To:** | Matthew Werdegar |
| **Cc:** | EMC/Pure Storage OHS Only; PURE-KVN; John Shaw; David Fry; Jeremy Tigan |
| **Subject:** | RE: EMC v. Pure Storage -- stipulation concerning pre-trial depositions of newly identified EMC witnesses |

Matt,

No, I think EMC would still agree to the stipulation we provided last week.  The major problems with your revision/comments are (1) as mentioned, that it imposes a deadline to identify this sub-set of witnesses as trial witnesses before what the Court's schedule calls for, and (2) that EMC must either provide a written summary of the witness's testimony or agree to provide the witness for a fully day of deposition.  The purpose and circumstances of a pre-trial deposition differ from a discovery deposition.  A more limited deposition time is appropriate (or, at least, we do not see the need to stipulate now that any witness necessarily may be deposed for a full day).

Best regards,
Vann

**From:** Matthew Werdegar [mailto:MWerdegar@kvn.com]
**Sent:** Wednesday, March 18, 2015 12:11 PM
**To:** Pearce Jr., T. Vann
**Cc:** EMC/Pure Storage OHS Only; PURE-KVN; John Shaw; David Fry; Jeremy Tigan
**Subject:** RE: EMC v. Pure Storage -- stipulation concerning pre-trial depositions of newly identified EMC witnesses

Vann – Is it now EMC's position that it won't agree even to the revised stipulation that you provided last Friday, March 13th?  And which conditions in my revisions of Monday, March 16 are unacceptable to EMC?  Please clarify EMC's current position so that we can evaluate how to proceed from here.  Simply differing this issue until next January is not an acceptable solution.

Regards,
Matt

**Matthew Werdegar**
Attorney at Law

**KEKER & VAN NEST** LLP

415 676 2248 direct   |   vCard   |   mwerdegar@kvn.com
633 Battery Street, San Francisco, CA 94111-1809   |   415 391 5400 main   |   kvn.com

**From:** Pearce Jr., T. Vann [mailto:vpearce@orrick.com]
**Sent:** Wednesday, March 18, 2015 8:32 AM
**To:** Matthew Werdegar

Cc: EMC/Pure Storage OHS Only; PURE-KVN; John Shaw; David Fry; Jeremy Tigan
Subject: RE: EMC v. Pure Storage -- stipulation concerning pre-trial depositions of newly identified EMC witnesses

Matt,

Rather than agree to your stipulation in advance with a number of conditions, some of which we find unacceptable, we instead propose revisiting the issue of depositions in a meet and confer if any of these witnesses are on our trial witness list when it is served.  We cannot, one year before trial, completely rule out the possibility that one or more of these people will be named on our trial witness list.  But to reiterate what we've discussed before, EMC added these individuals to EMC's initial disclosures because these people were involved in educating EMC's 30(b)(6) deponents in advance of depositions, and the 30(b)(6) deponents either testified or were prepared to testify about the knowledge of the more recently named individuals.  We disagree that identifying such people 30 days before the fact discovery cutoff is unreasonable, prejudicial, or belated.  I will also note that after this amendment, Pure Storage noticed and took the deposition of one of these people (Kate Gladziszewski).  If – and again, this is purely hypothetical at this stage – a person from this group is on EMC's trial witness list, the appropriate scope, length, and timing of any pre-trial deposition of that person will depend on the circumstances, and we will be happy to discuss at that time.

Best regards,
Vann

---

**From:** Matthew Werdegar [mailto:MWerdegar@kvn.com]
**Sent:** Monday, March 16, 2015 5:32 PM
**To:** Pearce Jr., T. Vann
**Cc:** EMC/Pure Storage OHS Only; PURE-KVN; John Shaw; David Fry; Jeremy Tigan
**Subject:** RE: EMC v. Pure Storage -- stipulation concerning pre-trial depositions of newly identified EMC witnesses

Vann – The point of our proposed December 5, 2015 disclosure deadline (which would just apply to the witnesses newly disclosed in EMC's Fifth Amended Initial Disclosures, and not to all of EMC's trial witnesses) is to allow Pure Storage enough time to depose the witnesses before trial and to cure the prejudice that EMC's late disclosure of these witnesses otherwise would cause.  I think the Court's broad inherent authority to manage its docket and to police the parties' compliance with Rule 26 more than covers our proposal.  That said, assuming we were to agree to a January 8, 2016 deadline for EMC to disclose whether it will be calling at trial any of the newly disclosed witnesses, will EMC agree to the other edits in the revised draft I sent to you?  Please let me know.

Matt

---

**Matthew Werdegar**
Attorney at Law

**KEKER & VAN NEST** LLP

415 676 2248 direct  |  vCard  |  mwerdegar@kvn.com
633 Battery Street, San Francisco, CA 94111-1809  |  415 391 5400 main  |  kvn.com

---

**From:** Pearce Jr., T. Vann [mailto:vpearce@orrick.com]
**Sent:** Monday, March 16, 2015 2:16 PM
**To:** Matthew Werdegar

Cc: EMC/Pure Storage OHS Only; PURE-KVN; John Shaw; David Fry; Jeremy Tigan
**Subject:** RE: EMC v. Pure Storage -- stipulation concerning pre-trial depositions of newly identified EMC witnesses

Matt,

Thank you for your email.  I will confer with EMC, but I have one initial reaction:  I believe that under the scheduling order, we must provide a draft pre-trial order on January 8, 2016, listing among other things the names of the witnesses EMC intends to call at trial.  I see no basis for requiring EMC to identify a sub-set of its trial witnesses before then, and I suspect we will not agree to any such requirement.  Can you cite any authority for your request for an earlier deadline for these particular individuals?

Best,
Vann

---

**From:** Matthew Werdegar [mailto:MWerdegar@kvn.com]
**Sent:** Monday, March 16, 2015 4:53 PM
**To:** Pearce Jr., T. Vann
**Cc:** EMC/Pure Storage OHS Only; PURE-KVN; John Shaw; David Fry; Jeremy Tigan
**Subject:** EMC v. Pure Storage -- stipulation concerning pre-trial depositions of newly identified EMC witnesses

Vann –

Your revised proposed stipulation regarding the eighteen EMC witnesses disclosed for the first time in EMC's February 12, 2015 Fifth Amended Initial Disclosures leaves out several key provisions that were in our original draft and that need to be incorporated in some form into any final stipulation.

First, under your revised draft, EMC can wait to identify any trial witnesses disclosed for the first time in EMC's Fifth Amended Initial Disclosures until February 9, 2016 – three days before the final pre-trial conference and less than a month before trial.  That is too late.  Pure Storage should not be obliged to squeeze in what could be numerous pre-trial depositions in the final four weeks before trial.  Requiring Pure Storage to do so would be highly prejudicial.  Our original draft required EMC to disclose any trial witnesses first disclosed in its Fifth Amended Initial Disclosures by October 2014.  We are willing to extend that deadline, but are not willing to do away with it entirely.  The attached draft sets the deadline at December 5, 2015, which we believe is more than reasonable.

Second, your revised draft omits any obligation on the part of EMC to provide a summary of the newly disclosed witnesses' anticipated trial testimony, and it also seeks to impose a three hour limit on pre-trial depositions.  EMC can't have it both ways.  Either EMC must provide a short written summary of the witnesses' anticipated trial testimony or it must make the witnesses available for up to seven hours of on the record deposition time.  The attached revised draft omits the three hour limit, but we are willing to agree to a ½ day limit in exchange for a written summary of anticipated testimony provided by EMC according to the disclosure schedule discussed above.

Third, your revised draft cuts the provision that the 100 hour limit on fact depositions shall not apply to any pre-trial depositions.  This provision needs to be added back.

Attached for your review is a further revised draft stipulation, making the changes discussed above in redline, as well as a clean copy incorporating our additional edits.  Please let us know your position on this by the close of business on Wednesday.  If we cannot reach agreement by the end of the week, we will raise this issue with the Court for all the reasons set forth in our original letter on this issue.

Regards,
Matt

---

**From:** Pearce Jr., T. Vann [mailto:vpearce@orrick.com]
**Sent:** Friday, March 13, 2015 1:51 PM
**To:** Matthew Werdegar; David W. Rizk
**Cc:** EMC/Pure Storage OHS Only; PURE-KVN; Jeremy Tigan; John Shaw; David Fry
**Subject:** RE: EMC/Pure Storage: Agreement re: authenticity RFAs

Matt,

I have attached a revised stipulation regarding the witnesses.  I believe the changes are self-explanatory, but please let me know if you or someone else on your team would like to discuss.  Have a good trip back to California.

Vann

---

**From:** Matthew Werdegar [mailto:MWerdegar@kvn.com]
**Sent:** Thursday, March 12, 2015 7:47 PM
**To:** Pearce Jr., T. Vann; David W. Rizk
**Cc:** EMC/Pure Storage OHS Only; PURE-KVN; Jeremy Tigan; John Shaw; David Fry
**Subject:** RE: EMC/Pure Storage: Agreement re: authenticity RFAs

Vann – What is the status of this?  We sent you our proposed stipulation 8 days ago.  If we can't reach a mutually acceptable resolution soon, we will have to raise this issue with the Court.

Thanks,
Matt

---

**From:** Matthew Werdegar
**Sent:** Tuesday, March 10, 2015 8:59 AM
**To:** 'Pearce Jr., T. Vann'; David W. Rizk
**Cc:** EMC/Pure Storage OHS Only; PURE-KVN; Jeremy Tigan; John Shaw; David Fry
**Subject:** RE: EMC/Pure Storage: Agreement re: authenticity RFAs

Vann – Can you please provide any proposed edits you may have to our draft stipulation re the initial disclosure witnesses?  I understand that you have spoken to David about it and that you have some edits you intend to propose, which we are of course willing to consider.  We would like to wrap this up this week.

Regards,
Matt

---

**Matthew Werdegar**
Attorney at Law

**KEKER & VAN NEST** LLP

415 676 2248 direct   |   vCard   |   mwerdegar@kvn.com
633 Battery Street, San Francisco, CA 94111-1809   |   415 391 5400 main   |   kvn.com

**From:** Pearce Jr., T. Vann [mailto:vpearce@orrick.com]
**Sent:** Wednesday, March 04, 2015 12:08 PM
**To:** David W. Rizk; Matthew Werdegar
**Cc:** EMC/Pure Storage OHS Only; PURE-KVN; Jeremy Tigan; John Shaw; David Fry
**Subject:** RE: EMC/Pure Storage: Agreement re: authenticity RFAs

David,

The deposition stipulation (attached) is fine, you can file.

Having just received the stipulation re: initial disclosures witnesses, we won't be in a position to approve it today.  We'll review and respond as soon as possible.

I'll get back to you shortly on the RFA stipulation.

Best,
Vann

**From:** David W. Rizk [mailto:DRizk@kvn.com]
**Sent:** Wednesday, March 04, 2015 2:39 PM
**To:** Matthew Werdegar; Pearce Jr., T. Vann
**Cc:** EMC/Pure Storage OHS Only; PURE-KVN; Jeremy Tigan; John Shaw; David Fry
**Subject:** RE: EMC/Pure Storage: Agreement re: authenticity RFAs

Vann,

We are now awaiting your word on several proposed stipulations:

- First, attached is the promised draft stipulation regarding discovery procedures for the 18 witnesses that were newly disclosed in EMC's Fifth Amended Initial Disclosures.  Please let us know if EMC will sign off.  I'm available at my desk to discuss today if need be.
- Second, on Friday we agreed to your revisions to the stipulation allowing depositions after the close of fact discovery (also attached), and are awaiting your word on whether we have authorization to file that.
- Finally, on Monday I sent you a final version of our stipulation concerning authenticity (also attached).  I believe we are done with that, too, but we are also awaiting EMC's sign off.

Please respond by the end of the day, as we'd like to put these housekeeping matters to rest.

Thanks, David

**David W Rizk**
Attorney at Law

KEKER & VAN NEST LLP

415 773 6648 direct   |   vCard   |   drizk@kvn.com
633 Battery Street, San Francisco, CA 94111-1809   |   415 391 5400 main   |   kvn.com

**NOTICE TO RECIPIENT |** This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*

**NOTICE TO RECIPIENT |** This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*

**NOTICE TO RECIPIENT |** This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*