IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EMC CORPORATION, EMC INTERNATIONAL COMPANY, and EMC INFORMATION SYSTEMS INTERNATIONAL, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 13-1985-RGA |
| PURE STORAGE, INC., | ) ) | |
| Defendant. | ) ) | REDACTED – PUBLIC VERSION |

## LETTER TO THE HONORABLE RICHARD G. ANDREWS

OF COUNSEL:
Robert A. Van Nest
Matthew M. Werdegar
Ashok Ramani
R. Adam Lauridsen
Corey A. Johanningmeier
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111
(415) 391-5400

Joseph Fitzgerald
PURE STORAGE, INC.
650 Castro Street, Suite 400
Mountain View, CA 94041
(650) 318-6589

Dated: April 16, 2015

John W. Shaw (No. 3362)
David M. Fry (No. 5486)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
dfry@shawkeller.com
*Attorneys for Defendant Pure Storage, Inc.*



John W. Shaw
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
(302) 298-0701 – Direct
jshaw@shawkeller.com

April 16, 2015

**BY CM/ECF and HAND DELIVERY**
The Honorable Richard G. Andrews
United States District Court
844 N. King Street
Wilmington, DE 19801



      Re:    *EMC Corp. v. Pure Storage Inc.*, C.A. No. 13-1985-RGA

Dear Judge Andrews:

      Defendant Pure Storage, Inc. respectfully submits this letter in response to EMC's April 15, 2015 Letter Regarding Discover Dispute (D.I. 157).

**I.     Pure Storage's email relevance review**

      The dispute raised by EMC boils down to a disagreement about the proper interpretation of the Court's Amended Order for Electronically Stored Information ("ESI Order") (D.I. 21). Specifically, the parties disagree as to whether the ESI Order prohibits a producing party from reviewing emails for relevance prior to production and withholding emails that are not relevant or are otherwise beyond the scope of discovery. EMC's arguments, however, notably omit any reference to the key provision of the ESI Order, which expressly contemplates that electronic searching is for the purpose of "locat[ing] potentially responsive ESI". (*Id.* at ¶2). Like the Court's Default Standard for Discovery, which contains the same language (¶5(b)), and the Federal Rules, nothing about the ESI Order disturbs the normal document production process – after using whatever tools are appropriate to gather the potentially responsive materials, whether by search terms or physical collection of files, irrelevant and privileged materials are removed before production.

      The relevant background is as follows: Both sides served email requests for production. The parties met and conferred concerning the total number of custodians (ultimately agreeing on seven, three fewer than permitted by the ESI Order) and the search terms that would be used with each custodian. Pure Storage ultimately produced 48,367 emails and attachments.

      Prior to making its email productions, Pure Storage reviewed the potentially responsive emails for relevance and privilege. As a result of this review, Pure Storage withheld approximately 7,900 (*i.e.,* 13.1% of the universe of the potentially responsive emails) as being irrelevant and/or beyond the scope of discovery. Pure Storage also withheld a number of emails as privileged. EMC does not question Pure Storage's privilege claims.

      On March 12, 2015, EMC asked Pure Storage whether it was withholding any emails hitting upon EMC's search terms for any reason other than privilege. EMC further requested that if Pure Storage was withholding emails on grounds other than privilege, it should provide a log of those emails. Pure Storage responded that it had withheld some emails as irrelevant and beyond the scope of discovery and that it did not see any justification for undertaking the burden of logging those emails. [Ex. A (meet and confer correspondence) at 5-6.] Thereafter, the parties engaged in several rounds of correspondence regarding their respective interpretations of the ESI Order. [*Id.* at 1-5.]

SHAW KELLER LLP

The Honorable Richard G. Andrews
Page 2

EMC never sought a telephonic or in-person meet and confer to discuss its concerns.

Ultimately, while Pure Storage does not believe that the ESI Order prohibits withholding nonresponsive emails (for all of the reasons discussed below), in hopes of avoiding burdening the Court with this issue, Pure Storage agreed to re-review all emails withheld on grounds other than privilege and to either produce or log all of those emails. [Ex. A at 2-3.] Pure Storage's proposal to resolve this issue went beyond what EMC had requested in meet and confer. EMC, however, informed Pure Storage on April 9, 2015 that it was changing its position and that it now was demanding that Pure Storage produce all emails that hit upon the agreed search terms. [*Id.* at 2.]

What Pure Storage has agreed to do goes beyond its obligations under the Federal Rules of Civil Procedure and the ESI Order. Rule 26(b)(1) limits discovery to "nonprivileged matter that is relevant to any party's claim or defense." This limitation applies equally to emails. *See* 2006 Notes to Fed. R. Civ. P. 26 at ¶ 5. Moreover, Rule 26(b)(1) specifies that the scope of discovery may be limited by court order, but not expanded. The ESI Order itself speaks in terms of using search terms to "locate potentially responsive ESI." (D.I. 21 ¶2). Nevertheless, EMC claims that the Court's ESI Order suspended Rule 26(b)(1)'s relevance limitations and expanded email discovery in this action to encompass any email that hits upon a search term, regardless of that email's relevance. EMC's current interpretation of the ESI Order is not consistent with Rule 26.

The scope of email discovery was, moreover, one of the primary subjects of discussion at the Rule 16 conference. EMC argued that if any email discovery was permitted, the Court should strictly limit the number of custodians and the number and breadth of the search terms. EMC asserted that such limits were necessary because "[i]f you have a broad request and use broad terms like flash memory or deduplication – that would just kick up hundreds of thousands of e-mails. … ***And then you have to employ the resources to look at those emails and to decide if they're relevant.*** And chances are that a lot of them are not going to be relevant to the issues in the case." (D.I. 17 at 20:2-9 (emphasis added)). Pure Storage agreed with EMC that it was appropriate to narrow the scope of email discovery in order limit the number of emails requiring review. *See id.* at 24:24-25:3. Thus, both sides understood that emails would be reviewed for relevance prior to production and that the purpose of the ESI Order was to reduce the total number of emails requiring review, and not to prohibit such a review.

In short, Pure Storage has produced to EMC tens of thousands of relevant emails and has fully satisfied its email discovery obligations in this action. Furthermore, Pure Storage voluntarily has agreed to re-review all of the emails it withheld and to produce or log them, exactly as requested by EMC in meet and confer. EMC's current, post-hoc claim the ESI Order trumps Rule 26(b)(1)'s limitations on discovery and prohibits any relevance review is incorrect and is contrary to the position EMC took at the Rule 16 conference.

## II. Pure Storage's redactions to certain produced emails

EMC also raises in its discovery letter Pure Storage's redaction of certain produced emails on grounds that they contain confidential, irrelevant information. However, this issue is not ripe for resolution by the Court, as EMC has never sought to meet and confer with Pure Storage regarding its redaction log or the specific reasons for Pure Storage's redactions.

SHAW KELLER LLP

The Honorable Richard G. Andrews
Page 3

Had EMC attempted to meet and confer on this issue prior to submitting it to the Court, Pure Storage would have explained that the information it has redacted for reasons other than privilege relates to highly confidential research and development work on potential, ███████████████ ███████████████████████████████████████████████████████ Such information is irrelevant and beyond the appropriate bounds of discovery. *See, e.g., EPOS Technologies v. Pegasus Technologies*, 842 F. Supp. 2d 31, 34 (D.D.C. 2012) (denying discovery of products still in development and explaining that the scope of discovery in patent cases "is not so broad as to require the discovery of products that do not yet exist in final form"); *Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA, Inc.*, No. 04-0038, 2005 WL 2304190, at * 6 (D. Del. Sept. 20, 2005) (denying discovery "directed to a yet to be developed product").

Indeed, recognizing that it is not entitled to discovery into potential future products that are still in the design phase, EMC agreed to limit its deposition of Pure Storage regarding ██████ ████████████████████████████████████████████████████████████ ███████████████████████████ [Ex. B (Dec. 23, 2014 Pearce ltr.) at 2 (re Topic 9); Ex. C (Jan. 15, 2015 Werdegar ltr.) at 9 (re Topic 9).]. Since reaching this agreement, Pure Storage has not provided—and EMC has not sought to compel—any discovery beyond the bounds of the parties' agreement. EMC likewise has imposed constraints based on relevance in connection with its own witnesses. [Ex. C] Pure Storage's redactions thus are entirely consistent with the boundaries of discovery established by the parties months ago.

Pure Storage's redactions are consistent with the case law. Although courts are not united on the issue, multiple courts have recognized that the redaction of irrelevant, but sensitive information is appropriate, even if there is a protective order in place. *See, e.g, Bear Creek Cranberry Co., LLC v. Cliffstar Corp.*, No. 10-CV-00770, 2011 WL 2882078, at *3 (W.D.N.Y. July 15, 2011) (same); *Spano v. Boeing Co.*, No. 3:06-CV-00743, 2008 WL 1774460, at *2-3 (S.D. Ill. Apr. 16, 2008) (upholding redaction of irrelevant portions of documents despite protective order and explaining that "other courts have found redaction appropriate where the information redacted was not relevant to the issues in the case"); *Schiller v. City of New York,* 2006 WL 3592547 at *7 (S.D.N.Y. Dec. 7, 2006) (upholding redaction of irrelevant portions of meeting minutes). Furthermore, Pure Storage's redactions are distinguishable from those at issue in cases prohibiting redactions, as Pure Storage's redactions pertain to a discrete topic area that EMC has conceded is beyond the bounds of discovery and were fully and timely listed in Pure Storage's redaction log. *Cf. Beverage Distrib., Inc. v. Miller Brewing Co.*, No. 2:08-CV-1112, 2010 WL 1727640, at *5 (S.D. Ohio Apr. 28, 2010) (declining to permit redactions where the reasons for the redactions were myriad and producing party did not provide a complete redaction log).

In sum, EMC has failed to meet and confer regarding Pure Storage's redactions. Regardless, Pure Storage's redactions are consistent with the case law and the boundaries on discovery that have been in place in this case for months.

Respectfully submitted,

*/s/ John W. Shaw*

John W. Shaw (No. 3362)

SHAW KELLER LLP

The Honorable Richard G. Andrews
Page 4

cc:     Clerk of the Court (by hand delivery)
        All Counsel of Record (by CM/ECF)

# Exhibit A

**Matthew Werdegar**

| | |
|---|---|
| **From:** | Pearce Jr., T. Vann <vpearce@orrick.com> |
| **Sent:** | Wednesday, April 15, 2015 6:27 AM |
| **To:** | Matthew Werdegar; Cheng, Jesse; David W. Rizk |
| **Cc:** | PURE-KVN; EMC/Pure Storage OHS Only; Jeremy Tigan |
| **Subject:** | RE: EMC/Pure: Privilege Logs |

Matt,

As the record below reflects, Pure Storage steadfastly refused repeated requests to bring itself into compliance with its discovery obligations or entertain any compromise.  Although the ESI Order does not permit parties to withhold and log "irrelevant" responsive e-mails, EMC initially offered as a compromise that Pure Storage at least provide a log describing the withheld documents to allow EMC to understand and test Pure Storage's "irrelevance" claims.  Pure Storage repeatedly refused.  Accordingly, EMC then requested that Pure Storage produce the withheld documents in Jesse's March 31 email.  Pure Storage still refused.  At this stage, over a month after EMC first raised this issue and the close of fact discovery, a log is not sufficient, particularly in light of the redacted emails and redaction log recently provided by Pure Storage.  Further delaying resolution of this issue only exacerbates the prejudice to EMC.

Given your position below, we plan to file a letter with the Court today in advance of Friday's discovery conference.

Best regards,
Vann

**From:** Matthew Werdegar [mailto:MWerdegar@kvn.com]
**Sent:** Tuesday, April 14, 2015 6:08 PM
**To:** Pearce Jr., T. Vann; Cheng, Jesse; David W. Rizk
**Cc:** PURE-KVN; EMC/Pure Storage OHS Only; Jeremy Tigan
**Subject:** RE: EMC/Pure: Privilege Logs

Vann,

The compromise steps that we are taking to address EMC's purported concerns regarding Pure Storage's email production are not just consistent with what Jesse Cheng requested on March 20th, they go beyond his request.  Your attempt to move the goal posts on this issue at this late date is inappropriate.

We expect to make our supplemental email production in the next few days and to provide you with a log of any withheld emails at the same time.  Should you have any concerns regarding any of the emails listed in the log, we will of course agree promptly to meet and confer with you about those concerns.

Regards,
Matt

**Matthew Werdegar**
Attorney at Law

**KEKER & VAN NEST** LLP

415 676 2248 direct  |  vCard  |  mwerdegar@kvn.com
633 Battery Street, San Francisco, CA 94111-1809  |  415 391 5400 main  |  kvn.com

---

**From:** Pearce Jr., T. Vann [mailto:vpearce@orrick.com]
**Sent:** Thursday, April 09, 2015 3:57 PM
**To:** Matthew Werdegar; Cheng, Jesse; David W. Rizk
**Cc:** PURE-KVN; EMC/Pure Storage OHS Only; Jeremy Tigan
**Subject:** RE: EMC/Pure: Privilege Logs

Matt,

EMC has not withheld any emails hitting upon the agreed-upon search terms on grounds other than privilege.

We appreciate your proposal to resolve this dispute.  As indicated above, EMC has not withheld or redacted emails on relevance grounds if they hit upon agreed search terms.  We believe both parties should play by the same rules.  Thus, if we can agree that Pure Storage will produce unredacted emails that hit upon agreed search terms—as opposed to listing them on a log—we can consider this dispute resolved. Upon further reflection, allowing Pure Storage to list an email on a log for relevance reasons only prolongs resolution of this issue at a time when we need to turn our attention to expert reports and doesn't achieve mutuality. Your redaction log of March 31 only confirms our concerns.  Please let me know if Pure Storage, upon its re-review, will produce unredacted copies of emails unless they are being withheld on privilege grounds.

Best regards,

Vann

---

**From:** Matthew Werdegar [mailto:MWerdegar@kvn.com]
**Sent:** Tuesday, April 07, 2015 7:49 PM
**To:** Pearce Jr., T. Vann; Cheng, Jesse; David W. Rizk
**Cc:** PURE-KVN; EMC/Pure Storage OHS Only; Jeremy Tigan
**Subject:** RE: EMC/Pure: Privilege Logs

Vann,

We continue to strongly disagree with your interpretation of the ESI order.  Nevertheless, to avoid burdening the Court with this issue, we are conducting a re-review of all non-privileged emails withheld as irrelevant.  Per Jesse's prior requests, we will either produce or log all of those emails.  Our re-review is underway, and we will complete as soon as possible (likely early or mid-next week).  We believe that these steps fully resolve this dispute.

Please confirm in writing that EMC has not withheld any emails hitting upon the agreed-upon search terms on grounds other than privilege.

Regards,
Matt

---

**Matthew Werdegar**
Attorney at Law

**KEKER & VAN NEST** LLP

415 676 2248 direct   |   vCard   |   mwerdegar@kvn.com
633 Battery Street, San Francisco, CA 94111-1809   |   415 391 5400 main   |   kvn.com

---

**From:** Pearce Jr., T. Vann [mailto:vpearce@orrick.com]
**Sent:** Monday, April 06, 2015 12:45 PM
**To:** Matthew Werdegar; Cheng, Jesse; David W. Rizk
**Cc:** PURE-KVN; EMC/Pure Storage OHS Only; Jeremy Tigan
**Subject:** RE: EMC/Pure: Privilege Logs

Matt,

From your last e-mail, it appears that the parties are at an impasse.  We plan to raise this issue with the court; Jeremy Tigan will contact David Fry regarding scheduling a discovery dispute hearing.

Best regards,
Vann

**From:** Matthew Werdegar [mailto:MWerdegar@kvn.com]
**Sent:** Thursday, April 02, 2015 1:55 PM
**To:** Cheng, Jesse; David W. Rizk
**Cc:** PURE-KVN; EMC/Pure Storage OHS Only
**Subject:** RE: EMC/Pure: Privilege Logs

Jesse – We disagree with your interpretation of the ESI order and the parties discussions concerning email discovery.  Our position on this issue is fully set forth in my prior emails, below, as well as in my letter to Matt Poppe dated March 19, 2015.

Regards,
Matt

---

**Matthew Werdegar**
Attorney at Law

**KEKER & VAN NEST** LLP

415 676 2248 direct   |   vCard   |   mwerdegar@kvn.com
633 Battery Street, San Francisco, CA 94111-1809   |   415 391 5400 main   |   kvn.com

---

**From:** Cheng, Jesse [mailto:jcheng@orrick.com]
**Sent:** Tuesday, March 31, 2015 2:54 PM
**To:** Matthew Werdegar; David W. Rizk
**Cc:** PURE-KVN; EMC/Pure Storage OHS Only
**Subject:** RE: EMC/Pure: Privilege Logs

3

Matt,

The email production protocol of this case, as defined by Section 7 of the Amended ESI Order and the parties' subsequent discussions, was designed to facilitate the production of emails by requiring the parties to agree to search terms that were "reasonable" and "proper", and "focused … rather than over-broad." These search terms would identify the responsive set of emails to be produced. Nothing in this protocol contemplated a further review and withholding of documents that hit on the agreed search terms for reasons other than privilege. Notably, it appears that Pure's additional review delayed Pure's production of all emails for 3 custodians until after the close of fact discovery.

We reiterate our concern that Pure Storage is taking an overly narrow view of relevance and withholding information that EMC is entitled to, especially in light of Pure's past practice of clawing back documents that were previously determined to be responsive on grounds of containing "confidential and non-responsive information." As you have refused to provide the information necessary to verify Pure's claims, please immediately produce any non-privileged documents that hit on the agreed search terms and that have been withheld by Pure Storage. Any burden of doing so should be negligible given the relatively small number of documents at issue.

Thanks and regards,

Jesse

---

**From:** Matthew Werdegar [mailto:MWerdegar@kvn.com]
**Sent:** Monday, March 23, 2015 6:04 PM
**To:** Cheng, Jesse; David W. Rizk
**Cc:** PURE-KVN; EMC/Pure Storage OHS Only
**Subject:** RE: EMC/Pure: Privilege Logs

Jesse – As you know, the scope of discovery is defined by Rule 26 of the Federal Rules, which limits discovery to "nonprivileged matter that is relevant to any party's claim or defense." FRCP 26(b)(1). Rule 26 may be limited by Court order, but not expanded. Nothing in the ESI Order in this action, which is intended to "streamline" ESI production, purports to suspend the relevance limit on discovery, and there is no legitimate reason why irrelevant emails should be treated differently than other categories of irrelevant documents. We disagree with you that logging these documents will not impose any burden, and we don't see any legitimate reason why EMC needs such a log. As already agreed, all of our clawbacks will be logged, so that you can assess them.

Regards,
Matt

---

**Matthew Werdegar**
Attorney at Law

**KEKER & VAN NEST** LLP

415 676 2248 direct  |  vCard  |  mwerdegar@kvn.com
633 Battery Street, San Francisco, CA 94111-1809  |  415 391 5400 main  |  kvn.com

---

**From:** Cheng, Jesse [mailto:jcheng@orrick.com]
**Sent:** Friday, March 20, 2015 7:41 AM
**To:** Matthew Werdegar; David W. Rizk

**Cc:** PURE-KVN; EMC/Pure Storage OHS Only
**Subject:** RE: EMC/Pure: Privilege Logs

Matt,

Thank you.  We too agree to include on our log all documents subject to claw-back requests regardless of whether they post-date the filing of complaint.

As for emails, the ESI order does not contemplate the withholding of non-privileged emails that hit on search terms based on "irrelevance."  While we do not intend to insist on the production of truly irrelevant emails such as third party email solicitations, we do feel compelled to confirm that non-privileged emails that were withheld by Pure are indeed truly irrelevant, especially given Pure's past practice of clawing back and redacting otherwise responsive documents on grounds of "confidentiality" and "responsiveness."

We do not believe logging of withheld emails would result in a "significant burden" given the "relative small number of emails" you identified.  However, in the interest of minimizing any such burden, we request that Pure Storage at the very least produce a log that provides to/from/cc/bcc and subject fields, and the file names of any attachments, for any non-privileged emails that hit on search terms but were not produced.  Those fields should be easily exported from the metadata on Pure Storage's production review database and impose no burden on Pure.

Thanks and regards,

Jesse

**From:** Matthew Werdegar [mailto:MWerdegar@kvn.com]
**Sent:** Wednesday, March 18, 2015 9:13 AM
**To:** Cheng, Jesse; David W. Rizk
**Cc:** PURE-KVN; EMC/Pure Storage OHS Only
**Subject:** RE: EMC/Pure: Privilege Logs

Jesse,

Exchanging privilege – and redaction – logs on March 31 is acceptable to Pure Storage.  Although not required to do so by the Protective Order, we are willing to include in our logs all documents subject to claw-back requests regardless of whether they post-date the filing of complaint, provided EMC agrees to do the same.

With respect to email, Pure Storage has withheld from production a relatively small number of emails as irrelevant and beyond the scope of discovery under Rule 26 (e.g., personal emails, irrelevant HR-related emails, 3rd party email solicitations and advertisements, routine administrative requests, etc.).  We don't see any justification for undertaking the significant burden of logging these types of emails and do not agree to do so.

Regards,
Matt

**Matthew Werdegar**
Attorney at Law

**KEKER & VAN NEST** LLP

415 676 2248 direct   |   vCard   |   mwerdegar@kvn.com
633 Battery Street, San Francisco, CA 94111-1809   |   415 391 5400 main   |   kvn.com

**From:** Cheng, Jesse [mailto:jcheng@orrick.com]
**Sent:** Thursday, March 12, 2015 10:08 PM
**To:** David W. Rizk
**Cc:** PURE-KVN; EMC/Pure Storage OHS Only
**Subject:** EMC/Pure: Privilege Logs

Counsel,

The protective order states that the parties shall exchange their respective privilege logs at a time to be agreed upon by the parties following the production of documents. We propose that the parties exchange privilege logs on March 31. We also propose that such logs include documents subject to claw-back requests by either party regardless of whether they post-date the filing of the complaint.  Please let me know if you agree.

Additionally, Pure's claw-back letters have suggested that Pure is withholding information for reasons other than privilege, including on confidentiality and responsiveness grounds.  As we have stated in previous correspondence, we object to any such withholding of documents and reserve the right to challenge such withholding once we have reviewed Pure's privilege and claw-back log.  Please also confirm that Pure has not withheld any emails that hit on the agreed search terms for any reason other than privilege.  If Pure has withheld non-privileged information from these emails (whether by redaction or withholding), please provide a log of all such information regardless of date.

Thanks and Regards,

Jesse



**JESSE CHENG**
*Associate*

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

tel +1-650-289-7120
fax +1-650-614-7401
jcheng@orrick.com
bio • vcard

www.orrick.com

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*

# Exhibit B



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP

1152 15TH STREET N.W.
WASHINGTON, DC 20005

*tel* 202-339-8400
*fax* 202-339-8500

WWW.ORRICK.COM

T. Vann Pearce, Jr.
(202) 339-8696
vpearce@orrick.com

December 23, 2014

***VIA EMAIL***

Matthew Werdegar, Esq.
Keker & Van Nest LLP
633 Battery Street
San Francisco, CA 94111-1809
mwerdegar@kvn.com

Re:     *EMC Corp. v. Pure Storage, Inc.*, No. 13-1985-RGA: Discovery issues

Dear Matt,

I am writing to memorialize our conversations on November 24, 2014 and December 3, 2014 about Pure Storage's objections and responses to EMC's First Notice of Rule 30(b)(6) Deposition.  This letter sets forth my understanding of where the parties stand now on each issue we discussed; I expect that you will respond if you think I have materially misstated Pure Storage's position on any point.

**Definition of "Product Features":**  Pure Storage contends that this definition is overly broad.  However, except as to Topic No. 9 (discussed below), Pure Storage is not withholding witnesses in response to any of the Topics on the basis of its objections to the definition of "Product Features" (while preserving its objections).

**Topic 5:**  Pure Storage will present a witness on this Topic, subject to its objections.  Pure Storage will prepare its witness to testify, but cannot guarantee that the witness will be able to answer every question as to every part of the code at the lowest level of granularity.  EMC reserves the right to ask the deponent questions about any information within the scope of the Topic.

**Topic 9:**  You agreed that some information responsive to this Topic would properly be within the scope of a 30(b)(6) deposition, but contended that the Topic is too broad.  Among other things, you contended that the definition of "Product Features" is ████████████████████████████ ████████████████████     I provided authority in support of the relevance of this topic in my December 1, 2014 e-mail to you, but Pure Storage is nonetheless maintaining its position.

In response, I further note the following:  *First*, EMC believes its definition of "Product Features" is proper as explained in my letter to Adam Lauridsen of this date.  *Second*, Pure Storage itself has



ORRICK

Matt Werdegar
December 23, 2014
Page 2

sought and obtained discovery into EMC's future "product roadmaps," for example, again as explained in my letter to Adam Lauridsen.

In an effort to resolve the dispute, EMC is willing to revise this Topic as follows: ███████ ████████████████████████████████████████████████████████████ that is, before the scheduled trial date. Please let me know if Pure Storage agrees.  This is a compromise proposal; if Pure Storage does not agree then EMC reserves the right to seek testimony on the full scope of Topic No. 9 as set forth in the Notice.

**Topic 10:**  Pure Storage will present a witness to testify generally on this Topic, subject to its objections.

**Topic 11:**  Pure Storage will present a witness in response to this Topic to testify as to non-privileged factual information (as opposed to expert opinion), subject to its objections.

**Topics 14 and 15:**  You clarified that Pure Storage's limitation of its response to "Pure Storage's knowledge and understanding of consumer comments and other market feedback regarding the features of its accused products" was intended to specify that Pure Storage's designee(s) will testify as to factual information rather than expert opinion on product features.  You agreed that EMC is entitled to depose Pure Storage about, generally, Pure Storage's understanding of why customers buy its products.

**Topic 20:** You agreed that Pure Storage would produce a witness in response to this Topic with respect to historical information, that is, forecasts and targets around or before the time of the hypothetical negotiation in a reasonable royalty analysis.  While we appreciate this agreement, we maintain that the full scope of this Topic is within the proper scope of discovery (including forecasts and targets generated more recently).  Please see my letter to Adam Lauridsen of this date discussing this issue further in connection with Requests for Production Nos. 131 and 141.

In e-mail correspondence yesterday, you suggested that that we meet and confer during the week of January 5 on other deposition issues.  Please plan on discussing the outstanding issues on Topic Nos. 9 and 20 during that meet and confer.

Very truly yours,

*/s/ T. Vann Pearce, Jr.*

T. Vann Pearce, Jr.

# Exhibit C

| | |
|---|---|
| **From:** | Pearce Jr., T. Vann <vpearce@orrick.com> |
| **Sent:** | Monday, April 13, 2015 1:57 PM |
| **To:** | Adam Lauridsen |
| **Cc:** | EMC/Pure Storage OHS Only; PURE-KVN; Jeremy Tigan |
| **Subject:** | RE: EMC Corporation v. Pure Storage, Inc., No. 13-1985-RGA (D. Del.) |
| **Attachments:** | Strugger stipulation.docx |

Adam,

I have attached a draft stipulation memorializing our agreement as to the scope of Mr. Strugger's deposition. Please note that we modified the language from your letter somewhat, but these changes are not intended to be substantive.

Please confirm that Pure Storage agrees with this stipulation.

Best regards,
Vann

---

**From:** Pearce Jr., T. Vann
**Sent:** Thursday, April 09, 2015 11:18 AM
**To:** Adam Lauridsen (ALauridsen@kvn.com)
**Cc:** EMC/Pure Storage OHS Only; PURE-KVN (PURE-KVN@kvn.com); Jeremy Tigan
**Subject:** FW: EMC Corporation v. Pure Storage, Inc., No. 13-1985-RGA (D. Del.)

Adam,

Thank you for your letter proposing a resolution to the dispute over the scope of Mr. Strugger's deposition. EMC accepts this proposal, so long as it is memorialized in a stipulation filed with the Court which provides that EMC may enforce the restrictions set forth in your letter through instructions not to answer. We will prepare this stipulation and circulate for your review.

I will respond to your other letter separately.

Best regards,

Vann



**T. VANN PEARCE, JR.**
*Partner*
*Intellectual Property*

ORRICK, HERRINGTON & SUTCLIFFE LLP
Orrick Building at Columbia Center
1152 15th Street NW
Washington, DC 20005-1706

tel +1-202-339-8696

fax +1-202-339-8500
vpearce@orrick.com
bio • vcard

www.orrick.com

**From:** Elizabeth S. Myrddin [mailto:EMyrddin@kvn.com]
**Sent:** Tuesday, April 07, 2015 9:05 PM
**To:** EMC/Pure Storage OHS Only
**Cc:** PURE-KVN
**Subject:** EMC Corporation v. Pure Storage, Inc., No. 13-1985-RGA (D. Del.)

Attached please find copies of correspondence of today's date from Adam Lauridsen with respect to the above case.

**Elizabeth S. Myrddin**
Legal Secretary

KEKER&VAN NEST

415 773 6655 direct   |   emyrddin@kvn.com
633 Battery Street, San Francisco, CA 94111-1809   |   415 391 5400 main   |   kvn.com

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EMC CORPORATION, EMC INTERNATIONAL COMPANY, and EMC INFORMATION SYSTEMS INTERNATIONAL, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 13-1985 (RGA) |
| v. | ) ) | |
| PURE STORAGE, INC., | ) ) | |
| Defendant. | ) | |

**STIPULATION REGARDING THE DEPOSITION OF WILLIAM STRUGGER**

WHEREAS, Defendant Pure Storage, Inc. ("Pure Storage") noticed the deposition of William Strugger, Senior Director in Plaintiff EMC Corporation's ("EMC's") Market Intelligence group (D.I. 141);

WHEREAS, in discussions between the parties prior to Mr. Strugger's deposition, Pure Storage informed EMC that it intended to question Mr. Strugger regarding a number of topics that EMC objected to as improper and outside the scope of this litigation; and

WHEREAS, the parties have agreed to limit the topics on which Mr. Strugger may be examined;

IT IS HEREBY STIPULATED by the parties, subject to the approval of the Court, that questioning at Mr. Strugger's deposition shall be limited as follows:

1.      Pure Storage may inquire regarding whether Mr. Strugger and/or those he worked with in EMC's competitive intelligence group relied upon any information created by Pure Storage, including both publicly disclosed and allegedly internal Pure Storage information, in conducting their analyses of Pure Storage and/or the flash storage market and, if so, when Mr. Strugger or those he worked with relied upon it;

2.      Except as provided in paragraph 1, Pure Storage may not inquire regarding any alleged acquisition, possession, use, or disclosure by EMC or by Mr. Strugger of purportedly confidential or internal information of Pure Storage or of a third party;

3.      Pure Storage may not inquire regarding EMC's policies or rules regarding the use of Pure Storage's or others' internal or confidential information or whether Mr. Strugger and/or EMC violated any such policies or rules.

If counsel for Pure Storage asks Mr. Strugger any questions regarding the topics described in paragraphs 2 or 3 above during his deposition, counsel for EMC may enforce this stipulation by instructing Mr. Strugger not to answer those questions.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP          SHAW KELLER LLP

_____            _____
Jack B. Blumenfeld (#1014)                   John W. Shaw (#3362)
Rodger D. Smith II (#3778)                   David M. Fry (#5486)
Jeremy A. Tigan (#5239)                      300 Delaware Avenue, Suite 1120
1201 North Market Street                     Wilmington, DE  19801
P.O. Box 1347                                (302) 298-0700
Wilmington, DE  19899                        jshaw@shawkeller.com
(302) 658-9200                               dfry@shawkeller.com
jblumenfeld@mnat.com
rsmith@mnat.com                              *Attorneys for Defendant Pure Storage, Inc.*
jtigan@mnat.com

*Attorneys for Plaintiffs EMC Corporation,*
*EMC International Company, and EMC*
*Information Systems International*

April __, 2015
9069343

                    SO ORDERED this ___ day of _____, 2015.


                                             _____
                                             UNITED STATES DISTRICT JUDGE

