IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMC CORPORATION, ) | |
| EMC INTERNATIONAL COMPANY and ) | |
| EMC INFORMATION SYSTEMS ) | |
| INTERNATIONAL, ) | |
| ) | |
| Plaintiffs, ) | C.A. No. 13-1985 (RGA) |
| ) | |
| v. ) | **REDACTED -** |
| ) | **PUBLIC VERSION** |
| PURE STORAGE, INC., ) | |
| ) | |
| Defendant. ) | |

### EMC'S LETTER TO JUDGE ANDREWS REGARDING DISCOVERY DISPUTE

OF COUNSEL:

Chris R. Ottenweller
Matthew H. Poppe
Jesse Y. Cheng
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Alyssa M. Caridis
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Los Angeles, CA 90017
(213) 629-2020

T. Vann Pearce, Jr.
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005
(202) 339-8400

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
jtigan@mnat.com

*Attorneys for Plaintiffs EMC Corporation,
EMC International Company and EMC
Information Systems International*

Paul T. Dacier
Krishnendu Gupta
William R. Clark
Thomas A. Brown
EMC CORPORATION
176 South Street
Hopkinton, MA 01748

Original Filing Date: April 15, 2015
Redacted Filing Date: April 24, 2015

Dear Judge Andrews:

In advance of the discovery dispute conference scheduled for April 17, 2015, we write to outline the issue on which the Plaintiffs (collectively, "EMC") seek relief. The dispute concerns e-mails within the agreed-upon and Court-ordered scope of discovery, but which Defendant Pure Storage, Inc. ("Pure Storage") has either refused to produce or has improperly redacted on the basis of "relevance." Pure Storage just recently, after the close of fact discovery, disclosed that it has withheld or redacted e-mails that were responsive to the parties' agreed-upon search terms that Pure Storage deems "irrelevant." EMC has not withheld or redacted responsive e-mails on relevance grounds. EMC requests that the Court order Pure Storage to produce immediately, without redaction, all non-privileged e-mails that were responsive to the search terms in EMC's e-mail discovery requests.

Early in this case, the parties negotiated a detailed procedure for e-mail discovery. This agreement was memorialized in Section 7 of the Court's February 27, 2014 Amended Order for Electronically Stored Information (D.I. 21, the "ESI Order"). The ESI Order calls for e-mail discovery requests on a person-by-person basis, limited to no more than 10 search terms. The parties were to determine a maximum number of e-mails to be produced for each custodian. If the specified search terms hit on more than that maximum number of e-mails, the parties were to revise and limit the search terms to reduce the number of hits. Nothing in the ESI Order stated or suggested that non-privileged e-mails responsive to the search terms could be withheld from production.

In accordance with the ESI Order, EMC and Pure Storage negotiated e-mail discovery search terms, maximum hit counts per custodian, and revised search terms when initial searches exceeded those maximum hit counts over the course of several months. After reaching agreement on search terms and hit counts, EMC abided by the parties' agreement and produced all non-privileged e-mails containing the agreed-upon search terms to Pure Storage. Unbeknownst to EMC, however, Pure Storage was not doing the same thing. Instead, Pure Storage was reviewing the set of responsive e-mails and culling e-mails it deemed "irrelevant."

Only after the close of fact discovery, in response to EMC directly asking Pure Storage to confirm that it had not withheld e-mails for any reason other than privilege, did Pure Storage first reveal that it had been withholding responsive e-mails that Pure Storage deemed "irrelevant." Later, Pure Storage disclosed that it has redacted many of the emails it did produce. On March 31, Pure Storage provided EMC with a redaction log. The redaction log (attached as Exhibit A) lists hundreds of e-mails produced with redactions where the redacted information is described only as "confidential non-responsive."

Pure Storage's unilateral withholding of responsive e-mails does not comply with the ESI Order and has allowed Pure Storage to gain unfair advantages at EMC's expense. Rather than collect and review all of a custodian's e-mails, the parties agreed to produce e-mails responsive to limited search terms that are "reasonable" and "proper," and "focused . . . rather than over-broad," which EMC did. The parties carefully negotiated and agreed to this procedure and the search terms, which necessarily results in an under-inclusive e-mail production, to reduce the burden of e-mail discovery. The ESI Order's procedure does not allow the parties to then further review and withhold responsive e-mails from this already-limited set and unilaterally withhold

The Honorable Richard G. Andrews
April 15, 2015
Page 2

them based on "irrelevance," and Pure Storage never disclosed that it was doing so until after e-mail discovery was over.

Furthermore, nothing in the Federal Rules or in the ESI Order allows Pure Storage to redact responsive documents on relevance grounds. *See Orion Power Midwest, L.P. v. Am. Coal Sales Co.*, 2008 WL 4462301, at *2 (W.D. Pa. Sept. 30, 2008). While courts have upheld redactions for relevance in narrow circumstances, Pure Storage has not identified a need for such redactions in this case. *See, e.g., Beverage Distributors, Inc. v. Miller Brewing Co.*, 2010 WL 1727640, *5 (S.D. Ohio Apr. 28, 2010).

It would not suffice for Pure Storage to provide a log of withheld documents now. Over a month has passed since EMC first raised this issue. Fact discovery closed a month ago and opening expert reports are due in a few weeks. At one point, in an effort to understand the basis for Pure Storage's withholding of e-mails and possibly narrow or resolve the dispute, EMC entertained the possibility of having Pure Storage provide a log of the withheld e-mails (an offer Pure Storage rejected). It has become apparent given the passage of time and the redaction log later produced by Pure Storage that this approach would be ineffective and prejudicial to EMC.

Respectfully,

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

JAT/dam
Enclosures
cc:     All Counsel of Record (by CM/ECF and email, w/encl.)
9077270