

John W. Shaw
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
(302) 298-0701 - Direct
jshaw@shawkeller.com

January 28, 2016

**BY CM/ECF AND HAND DELIVERY**
The Honorable Richard G. Andrews
United States District Court
844 N. King Street
Wilmington, DE 19801

      Re:    *EMC Corp. v. Pure Storage Inc.*, C.A. No. 13-1985-RGA

Dear Judge Andrews:

      Defendant Pure Storage, Inc. ("Pure") hereby submits its letter outlining the issue for this afternoon's discovery dispute teleconference.

      On January 25, 2016, nearly five months after the close of expert discovery, EMC requested that Pure make available its entire source code base for further inspection by its outside counsel and one of its technical expert witnesses, Ian Jestice. *See* Ex. A (Jan. 25, 2016 Rosenberg email to counsel). EMC's request is overbroad and contrary to Federal Rule of Civil Procedure 34 and this Court's scheduling orders.

      EMC does not have an open-ended right to review the entirety of Pure's source code base after the close of fact and expert discovery. EMC's outside counsel and technical experts have had nearly two years to review all of Pure's source code to identify and analyze the portions of the code relevant to EMC's infringement claims. And EMC took full advantage of that opportunity. EMC's outside counsel and experts inspected Pure's source code on 25 separate occasions between April 2014 and August 2015, for a total of nearly 200 hours, and requested printouts of 245 pages of code. That discovery review process was intended to crystallize EMC's infringement contentions and facilitate the formulation and substantiation of expert opinions, all of which is now long concluded. With the completion of expert discovery, the universe of relevant source code has now been identified by and disclosed in the parties' technical expert reports. *See* Fed. R. Civ. P. 26(a)(2)(B). At this late stage in the proceedings, there is no legitimate basis for EMC's counsel and experts to access source code outside that relevant universe.

      When Pure requested an explanation for EMC's request, EMC stated that its "counsel and expert witnesses are entitled to review the *relevant* code again in advance of trial[.]" Ex. A (Jan. 26, 2016 Rosenberg email to Werdegar) (emphasis added). But by the end of this week, EMC will have in its possession all of the source code cited by either sides' technical experts; *i.e.,* the "relevant" code. Specifically, EMC already has paper copies of all of the source code for which it requested print outs based upon its experts' review of the code. And in connection with the parties' pretrial exchanges, Pure will be producing to EMC this week paper copies of all of the source code cited by Pure's experts in their expert reports. Pure also has offered to produce to EMC for purposes of final trial preparation any source code cited by EMC's experts that is not already covered by the foregoing two categories (even though EMC could have, but chose not to, have such code printed out and produced during discovery). *See id.* (Jan. 26, 2016 Werdegar email to Rosenberg). These productions of source code will allow EMC's outside counsel and expert witnesses to review any and all code relied upon by either side's experts in preparation for

SHAW KELLER LLP

The Honorable Richard G. Andrews
Page 2

trial, and thus obviates any purported need for a further review of the entirety of Pure's source code. During the parties' meet and confer, EMC did not offer any explanation to the contrary.

Pure's primary concern with EMC's request for its technical experts to re-review the entirety of Pure's source code—in addition to the burden the inspection imposes on Pure at a time of nearly daily pretrial disclosure deadlines—is that it could open the door, just weeks before trial, to new infringement theories and/or to purported new evidentiary support for their existing theories. Either outcome would be extremely prejudicial. Pure is entitled to know—and has been entitled to know since the conclusion of expert discovery in August—exactly what source code EMC and its experts will be relying on at trial to attempt to prove infringement. Allowing EMC's trial counsel and technical experts to comb through all of Pure's source code—and not just the code cited to date by the parties' experts—raises the specter of EMC's experts testifying at trial about source code that was never cited in their reports and thus was never the subject of examination at deposition or vetting by Pure's experts.

For the foregoing reasons, Pure respectfully requests that the Court deny EMC's 11th-hour, post-discovery request to re-review the entirety of Pure's source code base and limit EMC's pretrial source code review to the source code that EMC requested be provided in printed form during discovery and/or that the parties' experts have cited in their expert reports, which code is being produced to EMC this week.

Respectfully submitted,

*/s/ John W. Shaw*

John W. Shaw (No. 3362)

cc:   Clerk of the Court (by hand delivery)
      All Counsel of Record (by e-mail)