IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

EMC CORPORATION,                          :
                                          :
                    Plaintiff,            :
                                          :
        v.                                :        Civil Action No. 13-1985-RGA
                                          :
PURE STORAGE INC.,                        :
                                          :
                    Defendant.            :

**ORDER**

The Court issued an order (D.I. 416), to which the parties have responded.  (D.I. 424, 425, 426).

The parties dispute whether the phrase "for purposes of this trial" should be added to the Court's description of the stipulation of infringement of the '015 patent.  Pure states not adding this language would be an error of the highest magnitude – "factually incorrect, misleading, and prejudicial as it wrongly suggests Pure has never disputed liability and invites further, improper inferences."  If Pure wants the jury to know that it once disputed liability, it should make a proposal by March 1 at noon on how to tell the jury that, with a transition to its present position.

On the assumption that Pure's argument is just posturing, however, I plan to give the proposed instruction set forth in D.I. 424, Exh. A, but without the "for purposes of this trial" language.  In my opinion, the "for purposes of this trial" language undercuts the stipulation.  It certainly is unnecessary to preserve Pure's appeal rights.

Pure also asks that the Court order certain limitations on argument.  I would have thought most of what Pure asks for is the sort of thing that responsible lawyers on both sides would

understand to be implicit in the Court's various rulings.  And I think they do.  Nevertheless, in order to be sure,

 IT IS HEREBY ORDERED that:

 1. The parties may reference the jury instruction about stipulated infringement (as, indeed, they may reference any other jury instruction).  Any reference should not be done in "an inflammatory or prejudicial manner."  Anything suggesting that Pure is a "bad actor" or even "the little boy with his hand in the cookie jar" is prohibited.  In opening statements, there is no reason for a demonstrative that shows the jury instruction or the stipulation.  I may or may not have a different opinion in regard to closing argument, depending on what the parties say and do at trial.  The parties should bring that issue up with me near the end of trial.

 2. No party should refer to my summary judgment opinion or any findings of fact or conclusions of law contained therein.  Further, no party should refer to my claim construction memorandum opinions.  (D.I. 115, 362).  Of course, I expect they will refer to the orders with the constructions (D.I. 120, 367).[1]

 3. I would like to know Pure's position on the stipulation and secondary considerations of non-obviousness (particularly, commercial success).  (D.I. 425 at 3).  Pure says it will not be ripe until Pure puts on an obviousness defense.  (D.I. 424 at 2 n.2).  Maybe true, but it is also an issue that could cause problems in the middle of trial if it is not considered pretrial.  Thus, unless Pure is foregoing an obviousness challenge, I request that Pure state its position by COB March 1 on whether the stipulation is sufficient to show that the FlashArray product embodies the claimed

---

[1] For purposes of trial, the parties are requested to prepare a claim construction order that does not include anything from the '187 patent, and further that does not include the terms that are given the "plain and ordinary meaning," since there is no reason to single out the disputed "plain and ordinary meaning" terms from all other unconstrued terms, which also have their plain and ordinary meanings.

features (I assume it is) and is coextensive with them (is this a disputed issue?).

Entered this 29th day of February, 2016.

United States District Judge