IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EMC CORPORATION, | : | |
| Plaintiff, | : : : | |
| v. | : : | Civil Action No. 13-1985-RGA |
| PURE STORAGE INC., | : : | |
| Defendant. | : : | |

**MEMORANDUM ORDER**

Defendant has filed a motion to "strike late-produced documents and improper expert testimony." (D.I. 376). The four documents are in the record at D.I. 402-1 at 59-75, and the relevant expert report is in the record at D.I. 377-5. The matter is fully briefed. (D.I. 377, 401, 411).

The present dispute concerns evidence of conception and reduction to practice of the "dedupe" patents. In general outline, Plaintiffs had a date, Defendant came up with an anticipatory reference that had an earlier date, Plaintiffs revised their date to be earlier than the anticipatory reference. Plaintiffs' revision came about in connection with the summary judgment briefing. I thought both sides bore some of the blame for Plaintiffs' late disclosures in connection with the summary judgment motion, and determined that the best course was, in view of the time remaining to trial, to give Defendant ample opportunity to take such discovery as it might have done had the late disclosures been timely. Defendant has done that. Dr. Li, one of the inventors, and a member of Plaintiff EMC Corporation's Technical Advisory Board (D.I.

345-1 at 5) with a consulting contract in this litigation as of October 19, 2015 (D.I. 347-1 at 5-6), was subpoenaed to produce documents and noticed for a deposition. On January 26, 2016, Dr. Li produced the documents at issue. Three days later, on January 29, 2016 (D.I. 355; D.I. 377-4), his deposition took place. The expert's supplemental report is dated February 2, 2016. It appears to have been served on Defendant then. It is five pages long. The expert was deposed on February 8, 2016. (D.I. 377-7).

Briefing on the motion to strike was completed February 24, 2016.

Trial is scheduled for March 7, 2016.

The scheduling that got us to where we are now did not envision further expert reports from Plaintiffs. Plaintiffs had their chance to make their case when they were gathering evidence in connection with the summary judgment motion. Expert discovery had long since finished, and the only expert discovery that I permitted was to minimize prejudice to Defendant. Clearly, Plaintiffs' filing additional expert reports was not permitted. [Thus, Plaintiffs' supplemental report violated both the letter and the spirit of the scheduling order(s).]. Further, Plaintiffs' supplemental expert report is not truly an expert report, as its only point is to state that the four late-produced documents "corroborate" the earlier conception date. Whether one piece of evidence corroborates another is not a matter for expert testimony. The expert's background, which I assume to be generally in computer science, does not make him an expert in whether one piece of evidence corroborates another. It will not help the trier of fact to understand the evidence. Fed. R. Evid. 702(a). It is therefore excludable both as being in violation of the Court's orders and unhelpful to the trier of fact.

Plaintiffs represent that the four documents "offer modest additional support" for their expert's "prior opinions." (D.I. 401 at 6). Dr. Li is a trial witness, and, to the extent I admit the

documents, he can testify about them. He is the one who retrieved them from his own records. There remains the question, though, of whether they should be admitted. They were produced before Dr. Li's deposition. Dr. Li, it is represented, was deposed for a full day. (D.I. 401 at 8; *see* D.I. 402-1 at 58 (Dr. Li's deposition still going on at page 220)). He was asked about document production generally, and either was, or could have been, asked about the four additional documents.

Defendant's complaint about the four documents is mostly that Dr. Li should have produced them to Plaintiffs' counsel at the time of the summary judgment motions, and that it is Plaintiffs' fault that he did not, since he was a paid consultant on this litigation at the time. Defendant's claim of prejudice is that there may be unproduced documents that show a lack of "reduction to practice' activity between conception and filing. (D.I. 411 at 7). Essentially, Defendant is asking to exclude these four documents because there may be other unproduced documents that could help Defendant. Despite Dr. Li's lengthy deposition, nothing more than generalities are offered by Defendant. If there is a problem, striking the four documents will not address the problem.

I do not see any prejudice from the admission of the four challenged documents. I do not think there has been bad faith. The explanation offered by Plaintiffs for the late production of documents is not convincing, as Plaintiffs could have produced them in October 2015. The documents are not important. Thus, while I think it is a fairly close question, on balance I think the *Pennypack* factors support exclusion of the four documents. *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3d Cir. 1977). Plaintiffs should not benefit from their own late fact discovery allowed as a curative measure for their previous late disclosures.

The motion to strike (D.I. 376) is **GRANTED**.

IT IS SO ORDERED this 29 day of February 2016.

                                                 /s/ Richard G. Andrews
                                                United States District Judge