IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMC CORPORATION, EMC INTERNATIONAL COMPANY, and EMC INFORMATION SYSTEMS INTERNATIONAL,<br><br>    Plaintiffs,<br><br>  v.<br><br>PURE STORAGE, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 13-1985 (RGA)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REVISED PRELIMINARY JURY INSTRUCTIONS**

Members of the jury:

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

## 1.1 COURT HAS NO OPINION

You will hear the evidence and decide what the facts are, and then apply those facts to the law as I will give it to you. You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything that I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

## 1.2 SUMMARY OF CONTENTIONS

To help you follow the evidence, I will now give you a summary of the positions of the parties.

This is a civil case arising under the patent laws of the United States. The Plaintiffs in this case are EMC Corporation, EMC Information Systems International, and EMC International Company, whom I will generally refer to as "EMC" except where it is important to your deliberations that you consider them as separate companies. The Defendant in this case is Pure Storage, Inc., which the parties and I will often refer to simply as "Pure." EMC asserts infringement of three United States Patents which are directed towards improving the storage of data. Each patent is identified by a seven-digit number, but, for your convenience, the parties and I will usually refer to each patent by the last three numbers of the patent number. Therefore, you will hear reference to the '464 Patent, the '015 Patent, and the '556 Patent.

In this case, EMC alleges that Pure has infringed certain claims of the three Patents. With respect to the '464 and '556 patents, Pure denies these allegations. Pure also contends that all Asserted Claims of the three Patents are invalid.

As I mentioned, the patents relate to data storage technology. During the trial, the parties will offer testimony to familiarize you with this technology. We will also play a 20-minute video to give you an overview of the patent system.

In this case, you are going to decide issues according to the instructions I give you. The issues are (1) whether EMC has proven by a preponderance of the evidence

2

that Pure has infringed the Asserted Claims of the '464 and '556 Patents, and (2) whether Pure has proven by clear and convincing evidence that any of the Asserted Claims of the three Patents are invalid.

If you decide that any of the Asserted Claims of the '464 and '556 Patents has been infringed and is not invalid, you will then need to decide any money damages to be awarded to EMC to compensate it for the infringement.

The issues you must decide in relation to the '015 patent are different from what you must decide in relation to the other two patents. Pure has agreed that the accused FlashArray products infringe five asserted claims of the '015 patent.

What you will hear is evidence about whether the claims are invalid, and about damages. Pure argues that it is not liable to EMC because the five claims are invalid. If the claims are invalid, it does not matter that the FlashArray products infringe them. If, at the end of the trial, you find Pure has proved that the claims of the '015 patent are invalid, that will end your consideration of the '015 patent. On the other hand, if you do not find the claims of the '015 patent are invalid, then you will have to consider it a fact that Pure's FlashArray products infringe the asserted claims of the '015 patent, and decide how much damages to award EMC for Pure's infringement. The fact that Pure has agreed to infringement of the '015 patent has no effect on any other issue in this case, and you may not consider it in deciding any other issue in the case.

### 1.3 JUROR CONDUCT

A few words about your conduct as jurors.

First, during trial and until you have heard all of the evidence and retire to the jury room to deliberate, you are not to discuss the case with anyone, not even amongst yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for not having discussions, most important being the need for you to keep an open mind through the presentation of the evidence.

Many of you use cell phones, smart phones, and other portable electronic devices and computers to access the Internet to communicate with others. You must not talk to anyone about this case or use any of these tools to communicate electronically with anyone about this case. That includes your family and friends. You must not communicate orally with anyone about the case on your cell phone, your smart phone, or any kind of computer or device of any kind, and you also cannot

use these devices to communicate electronically by messages or postings of any kind, including e-mail, instant messages, text messages, Twitter, blogs, Internet chat rooms, or social networking websites such as Facebook. You cannot do any of this during the trial.

If any lawyer, party, or witness does not speak to you in the hall or in the elevator, it is not because they are being rude. They are not supposed to talk or visit with you either. That is the reason you are asked to wear your juror tags. It shows you are someone who is not to be approached in any way.

Do not read or listen to anything related to this case that is not admitted into evidence. If there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.

In addition, do not do any independent research or investigation on your own on matters relating to this case or this type of case. Do not do any research on the Internet, do not ask your friends who you think know more about this than you do or what they know about it. There will be quite a bit of complicated material, and it is up to the lawyers in this case to explain it to you so that you can comprehend it well enough to render a fair verdict.

You are going to have some questions about things. Hopefully those questions will be answered in the courtroom while the trial goes on. But if they are not answered in the courtroom, do not go looking for the answers somewhere else. If you hear a word that you do not understand, do not look it up in the dictionary to see what it means. Do not use websites or any other electronic tools to find out anything that could help you decide this case. You are to decide the case based upon the evidence presented at trial. Please do not try to find out information from any source outside the confines of this courtroom.

Do not reach any conclusions on the claims or defenses until all the evidence is in. Keep an open mind until you start deliberations at the end of the case.

During the trial, it may be necessary for me to talk to lawyers outside of your hearing by having a sidebar. If this happens, please be patient. We are not trying to keep important information from you. These sidebars are necessary for me to fulfill my responsibility, which is to be sure that evidence that is presented to you is properly presented to you under the law. We will do what we can to keep the number and length of sidebars to a minimum.

### 1.4  EVIDENCE DEFINED

You must make your decision based only on the evidence that you will see and hear here in court. Generally speaking, evidence from which are you are to find the facts consists of the following: the testimony of witnesses; documents and other things received as exhibits; and any facts that are stipulated, that is, formally agreed to by the parties.

The following things are not evidence: statements, arguments, and questions of the lawyers for the parties of this case; objections by lawyers; any testimony I tell you to disregard; and anything you may see or hear about this case outside the courtroom.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object. This simply means the lawyer is requesting that I make a legal decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or my ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer to the question like any other.

If you are instructed that an item of evidence is received for a limited purpose, you must follow that instruction.

It is possible that I will order certain testimony or other evidence struck from the record. If I do so, you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

### 1.5   DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct evidence and circumstantial evidence. Direct evidence is direct proof of a fact, such as the testimony of an eyewitness. For example, if a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is indirect proof of a fact, i.e., proof of facts from which you may infer or conclude that other facts exist. For example, if someone walked into the courtroom wearing a raincoat covered with drops of water and

carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

The law makes no distinction between the weight that you should give to either direct or circumstantial evidence, nor does it say that one type of evidence is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### 1.6 QUESTIONING OF WITNESSES AND TAKING NOTES

Only the lawyers and I are allowed to ask questions of witnesses. You are not permitted to ask questions of witnesses.

If you wish, you may take notes during the presentation of evidence, the summations of the attorneys at the conclusion of the evidence, and during my instructions to you on the law. My courtroom deputy will arrange for pens, pencils and paper. Your notes are for your own personal use. They are not to be read or given to your fellow jurors.

The court reporters will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or your fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your memory of that testimony during your deliberations.

Note-taking is permitted, but it is not required. If you do take notes, do not take them away from court. At the end of each day, leave your notes in the jury room. At the conclusion of the case, after you have reached a verdict, a court officer will collect and destroy your notes.

### 1.7 BURDEN OF PROOF

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof." In a patent case such as this, there are two different burdens of proof. The first is called "preponderance of the evidence." The second is called "clear and convincing evidence."

EMC has the burden of proving infringement by what is called a preponderance of the evidence. That means EMC has to produce evidence which, when considered in light of all of the facts, leads you to believe that the infringement is more likely true than not. To put it differently, if you were to put EMC's and

6

Pure's evidence on the opposite sides of a scale, the evidence supporting EMC's claims would have to make the scales tip somewhat on EMC's side.

Pure has the burden of proving that the Asserted Claims are invalid by what is called clear and convincing evidence. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is a higher burden than proof by a preponderance of the evidence.

### 1.8 OUTLINE OF TRIAL

The trial will proceed in the following manner.

First, we are going to play a 20-minute patent video to give you an overview of the system. Then, each side may make an opening statement. An opening statement is not evidence. It is simply an opportunity for the lawyers to explain what they expect the evidence will show.

After the opening statements, the parties will present evidence which may include testimony from live witnesses, previously recorded testimony, and documents.

After the evidence has been presented, I will give you final instructions on the law that applies to the case. Then the attorneys will make closing arguments. These closing arguments by the attorneys are not evidence. After the instructions and closing arguments, you will then decide the case.

7