IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMC CORPORATION, EMC INTERNATIONAL COMPANY, and EMC INFORMATION SYSTEMS INTERNATIONAL,<br><br>                  Plaintiffs,<br><br>v.<br><br>PURE STORAGE, INC.,<br><br>                  Defendant. | Civil Action No. 13-1985-RGA |

## MEMORANDUM ORDER

Plaintiffs ("EMC") have filed a letter motion seeking to prevent Defendant ("Pure") from using or disclosing trial exhibits produced by EMC under the Court's Protective Order (D.I. 25) for any purpose outside this litigation. (D.I. 474 at 3). EMC's motion is opposed. (D.I. 482). For the reasons stated below, EMC's motion is **DENIED**.

The present dispute arose after Pure disclosed two documents, DTX695 and DTX854, to the media. (*See* D.I. 474 at 3; D.I. 482 at 1). DTX695 and DTX854 are internal EMC email chains that EMC produced to Pure under the Protective Order. (D.I. 474 at 3). During trial, portions of DTX695 and DTX854 were discussed by witnesses, displayed in open court, and read into the record. (*See* D.I. 463 at 158–162; D.I. 466 at 109–10, 112). DTX695 and DTX854 were admitted into evidence without objection. (D.I. 463 at 158; D.I. 466 at 112).

EMC argues that the Protective Order prohibits Pure from using any documents designated "Confidential—Attorneys' Eyes Only" for any purpose outside this litigation or from

disclosing them to anyone except certain limited individuals, even if, like DTX695 and DTX854, portions of the documents were published in open court and the documents were admitted into evidence. (D.I. 474 at 4). Unless the record is sealed, publication of portions of a confidential document in open court and admission of the document into evidence without objection constitutes a waiver of confidentiality interests in the document under a protective order. *Littlejohn v. Bic Corp.*, 851 F.2d 673, 680 (3d Cir. 1988). Any such documents, including DTX695 and DTX854,[1] are thus public documents pursuant to the "strong presumption that material introduced into evidence at trial should be made available for public access." *See id.* at 678 (internal quotation marks omitted). Further, EMC has not established that its interests in the confidentiality of the information publicly disclosed at trial outweigh Pure's interests in disseminating the information and the public's right to receive it. *See Nat'l Polymer Prods., Inc. v. Borg-Warner Corp.*, 641 F.2d 418, 424 (6th Cir. 1981).

EMC argues that, even if the documents are public and therefore susceptible to disclosure by the Court upon request by a third party, Pure violated the Protective Order by disclosing DTX695 and DTX854 to the media. (D.I. 474 at 5). EMC maintains that Pure should not be permitted to invoke the public's right of access to the judicial record to escape the provisions of the Protective Order. (*Id.*). The Protective Order, by its terms, does not prevent Pure from disclosing documents that "after disclosure to a Receiving Party become[] part of the public domain as a result of publication not involving a violation of this Order or any violation of law." (D.I. 25 at 2). Because DTX695 and DTX854 are part of the public domain as a result of the waiver by EMC, Pure did not violate the Protective Order by providing the documents to the media.

---

[1] Although there is a pending motion by EMC to seal certain trial exhibits, DTX695 and DTX854 are not among the exhibits EMC seeks to seal. (D.I. 475).

2

EMC had an adequate opportunity to seek to seal confidential trial exhibits pursuant to the post-trial briefing schedule (*See* D.I. 470 at 2) and this Court disfavors piecemeal motions to seal. EMC's request for an additional opportunity to seal confidential material (D.I. 474 at 5 n.2) is therefore also **DENIED**.

Entered this 12 day of April, 2016.

*/s/ Richard G. Andrews*
United States District Judge