IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EMC CORPORATION, EMC INTERNATIONAL COMPANY, and EMC INFORMATION SYSTEMS INTERNATIONAL, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 13-1985-RGA |
| PURE STORAGE, INC., | ) ) | |
| Defendant. | ) | |

**[PROPOSED] ORDER GRANTING DEFENDANT PURE STORAGE, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL**

At Wilmington this ____ day of _____, 2016, having considered Defendant Pure Storage, Inc.'s ("Pure") Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial, IT IS HEREBY ORDERED that the motion is GRANTED. Specifically, the Court finds that:

(1)    Pure presented clear and convincing evidence that U.S. Patent No. 6,889,297 (the "Sun patent") is prior art to U.S. Patent No. 7,434,015 (the "'015 patent"). EMC failed to present a legally sufficient evidentiary basis to rebut the showing made by Pure, such that no reasonable jury could have found that the Sun patent was not prior art to the '015 patent. Specifically, EMC failed to offer any independent evidence corroborating its claim of prior conception, and therefore the evidence presented by EMC was insufficient as a matter of law to establish prior conception and antedate the Sun patent. The Court therefore grants judgment as a matter of law that EMC failed to establish prior conception and that the Sun patent is prior art to the '015 patent.

(2)    Pure presented clear and convincing evidence that the Sun patent discloses each and every element of every Claims 1, 2, 7, 15, and 16 of the '015 patent. EMC failed to present a legally

sufficient evidentiary basis to rebut the showing made by Pure, such that no reasonable jury could have found that the Sun patent does not anticipate Claims 1, 2, 7, 15, and 16 of the '015 patent. The Court therefore grants judgment as a matter of law that Claims 1, 2, 7, 15, and 16 of the '015 patent are anticipated by the Sun patent.

   (3) Pure presented clear and convincing evidence that "Venti: a new approach to archival storage" (the "Venti reference") discloses each and every element of every Claims 1, 2, 7, 15, and 16 of the '015 patent. EMC failed to present a legally sufficient evidentiary basis to rebut the showing made by Pure, such that no reasonable jury could have found that the Venti reference does not anticipate Claims 1, 2, 7, 15, and 16 of the '015 patent. The Court therefore grants judgment as a matter of law that Claims 1, 2, 7, 15, and 16 of the '015 patent are anticipated by the Venti reference.

   (4) Pure presented clear and convincing evidence that U.S. Patent No. 6,704,730 (the "Moulton patent") discloses each and every element of every Claims 1, 2, 15, and 16 of the '015 patent. EMC failed to present a legally sufficient evidentiary basis to rebut the showing made by Pure, such that no reasonable jury could have found that the Moulton patent does not anticipate Claims 1, 2, 15, and 16 of the '015 patent. The Court therefore grants judgment as a matter of law that Claims 1, 2, 15, and 16 of the '015 patent are anticipated by the Moulton patent.

             _____
             United States District Judge