IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EMC CORPORATION, EMC INTERNATIONAL COMPANY and EMC INFORMATION SYSTEMS INTERNATIONAL, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1985 (RGA) |
| | ) | |
| PURE STORAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATION REGARDING EMC'S MOTION FOR AN ACCOUNTING,
PRE-JUDGMENT INTEREST, AND POST-JUDGMENT INTEREST (D.I. 490)**

On April 14, 2016, Plaintiffs EMC Corporation, EMC International Company, and EMC Information Systems International (collectively, "EMC") moved under Fed. R. Civ. P. 59(e) to amend the judgment in this case to include an accounting of supplemental damages, pre-judgment interest, and post-judgment interest ("Motion"). *See* D.I. 490. Following the agreed-upon production of Defendant Pure Storage, Inc.'s ("Pure") updated financial records, (*see* D.I. 473), the parties requested an extension of the briefing schedule in order to come to a potential joint resolution on EMC's Motion. D.I. 527. Having met and conferred on EMC's Motion, the parties now agree as follows:

In the event the Court denies Pure's motion for judgment as a matter of law or, in the alternative, for a new trial, (D.I. 484), and regardless of the Court's ruling on EMC's motion for a permanent injunction, (D.I. 491), neither of which are waived or modified by this stipulation, the parties stipulate and agree that the Court should, subject to the approval of the Court, include in its amended judgment the following agreed awards of damages and interest:

(1)     A total measure of damages and interest owed to EMC, as of the date of the amended judgment, calculated by adding the following three values:

(a)     the $14,000,000 awarded by the jury (D.I. 453),

(b)     an agreed $766,019 of supplemental reasonable royalty damages and interest, representing damages for sales of FlashArray 300 and 400 models occurring after January 31, 2016, as well as interest on all infringing sales from the date of the complaint, through June 8, 2016, and

(c)     an agreed amount of $275 of interest per day from June 9, 2016, through the date of the amended judgment.[1]

(2)     A statement that EMC shall be entitled to post-judgment interest, from the date of the amended judgement until the date Pure satisfies that amended judgment, at the statutory rate set forth in 28 U.S.C. § 1961, compounded annually.

EMC agrees that, assuming the judgment in this matter is upheld and that Pure complies with any permanent injunction that the Court issues, EMC will not seek any further supplemental damages or interest in this action, and the awards of damages and interest set forth above represent the total amount of damages and interest that will be awarded to EMC in this action.[2]

EMC's agreement to the terms above is made solely in attempt to resolve narrow

---

[1]  For example, if the Court were to enter amended judgment on August 1, 2016, the amount under (c) would come to $14,850 (*i.e.*, 54 days multiplied by $275/day), and the amount of damages and interest to include through the date of the amended judgment would come to $14,780,869 (*i.e.*, $14,000,000 + $766,019 + $14,850).

[2]  EMC reserves all rights to seek monetary contempt remedies for any violation of any permanent injunction that the Court issues in this action.  Moreover, nothing in this stipulation waives or alters any right EMC may have to seek, in a separate civil action, the full scope of the damages and other relief for any infringements not accounted for in this stipulation, including, without limitation, as requested in EMC's complaint in C.A. No. 16-176.  Similarly, nothing in this stipulation waives, abrogates or otherwise alters the defenses Pure may have to any claims or requests for relief by EMC in any separate civil action, including without limitation the defenses of *res judicata* and collateral estoppel.

questions regarding the appropriate supplemental damages and interest due in light of Pure's sales of the FlashArray 300 and 400 models found to infringe at trial, which Pure represents are now discontinued.  This stipulation should not be construed as a statement that EMC believes that money damages are adequate, that a particular royalty rate is appropriate, or that any ongoing royalty for future infringement would be appropriate.  Rather, EMC enters into this stipulation solely to avoid litigation over the amounts of supplemental damages owed for a relatively small number of post-January 31, 2016, sales of Pure's existing inventory of these specific 300 and 400 models of FlashArray, and for amounts owed as prejudgment and post-judgment interest.  EMC maintains its motion for permanent injunctive relief in this action, and EMC's motion for preliminary injunctive relief in C.A. No. 16-176 for the reasons set forth in its papers.

Pure's agreement to the terms above is made as a compromise solely to avoid incurring the burden and expense of litigating EMC's claims for supplemental reasonable royalty damages and interest and as consideration for EMC's stipulation to a stay of execution of the Judgment pending appeal by Pure without bond, which stipulation is being submitted by the parties concurrently herewith.  Pure's agreement should not be construed as reflecting any concession, admission or belief by Pure that the '015 patent is valid or infringed, that EMC is entitled to any damages or other relief in this action, that EMC is entitled to any additional pre-or post-verdict royalties, that the royalty rate used to calculate the agreed-upon supplemental damages is the appropriate rate for any purpose other than this compromise agreement, or that the interest rate used to calculate the agreed-upon pre-judgment interest is the appropriate interest rate for any purpose other than this compromise agreement.  Pure maintains its motion for judgment as a matter of law or, in the alternative, for a new trial for the reasons set forth in its papers.  Pure also

maintains all of its appellate rights with respect to the Court's claim construction and summary judgment rulings, as well as its opposition to EMC's motion for permanent injunctive relief in this action, and EMC's motion for preliminary injunctive relief in C.A. No. 16-176 for the reasons set forth in its opposition briefs.

This stipulation, if approved by the Court, fully resolves EMC's Motion (D.I. 490) without need for additional briefing or argument.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SHAW KELLER LLP |
|---|---|
| */s/ Jeremy A. Tigan* | */s/ David M. Fry* |
| Jack B. Blumenfeld (#1014) | John W. Shaw (#3362) |
| Jeremy A. Tigan (#5239) | David M. Fry (#5486) |
| 1201 North Market Street | 300 Delaware Avenue, Suite 1120 |
| P.O. Box 1347 | Wilmington, DE 19801 |
| Wilmington, DE 19899 | (302) 298-0700 |
| (302) 658-9200 | jshaw@shawkeller.com |
| jblumenfeld@mnat.com | dfry@shawkeller.com |
| jtigan@mnat.com | |
| | *Attorneys for Pure Storage, Inc.* |
| *Attorneys for EMC Corporation,* | |
| *EMC International Company and* | |
| *EMC Information Systems International* | |

June 8, 2016
10144546

SO ORDERED this ___ day of _____, 2016.

_____
UNITED STATES DISTRICT JUDGE